**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:  _____**

BRAINDON N. COOPER a/k/a MR COOPER,
TIMOTHY L. VALENTINE a/k/a DRUM'N SKILLZ,
and SIGNATURE SERIEZ ENTERTAINMENT, INC.,

        Plaintiffs,

      -against-

CHRIS BROWN ENTERTAINMENT, LLC d/b/a
CHRISTOPHER BROWN ENTERTAINMENT, LLC,
CHRISTOPHER MAURICE BROWN a/k/a CHRIS
BROWN, AUBREY DRAKE GRAHAM a/k/a DRAKE,
ANDERSON HERNANDEZ a/k/a VINYLZ, JOSHUA
LOUIS HUIZAR a/k/a J-LOUIS, TRAVIS DARELLE
WALTON a/k/a TEDDY WALTON, NIJA CHARLES
a/k/a NIJA, TYLER BRYANT a/k/a VELOUS, MICHEE
PATRICK LEBRUN a/k/a CHE ECRU, NOAH SHEBIB
a/k/a 40, J-LOUIS PRODUCTIONS, LLC d/b/a
JLOUISMUSIC, CULTURE BEYOND UR
EXPERIENCE, SONGS OF UNIVERSAL, INC.,
AMNIJA, LLC d/b/ SONGS OF AMNIJA,
1DAMENTIONAL PUBLISHING, LLC, MAVOR &
MOSES PUBLISHING, LLC d/b/a RONCESVALLES
MUSIC PUBLISHING, SONY/ATV SONGS LLC,
VINYLZ MUSIC GROUP LLC, and SONY MUSIC
ENTERTAINMENT d/b/a RCA RECORDS,

        Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

      Plaintiffs Braindon N. Cooper a/k/a Mr Cooper ("Cooper"), Timothy L. Valentine a/k/a

Drum'n Skillz ("Valentine"), and Signature Seriez Entertainment, Inc. ("SSE," and together with

Cooper and Valentine, "Plaintiffs"), by and through their undersigned counsel, as and for their

Complaint against Chris Brown Entertainment, LLC d/b/a Christopher Brown Entertainment, LLC

("CBE"), Christopher Maurice Brown a/k/a Chris Brown ("Brown"), Aubrey Drake Graham a/k/a

Drake ("Drake"), Anderson Hernandez a/k/a Vinylz ("Vinylz"), Joshua Louis Huizar a/k/a J-Louis ("J-Louis"), Travis Darelle Walton a/k/a Teddy Walton ("Walton"), Nija Charles a/k/a Nija ("Nija"), Tyler Bryant a/k/a Velous ("Velous"), Michee Patrick Lebrun a/k/a Che Ecru ("Lebrun"), Noah Shebib a/k/a 40 ("40"), J-Louis Productions, LLC d/b/a JLouisMusic ("JLouisMusic"), Culture Beyond Ur Experience ("Culture"), Songs of Universal, Inc. ("Universal"), Amnija LLC d/b/a Songs of Amnija ("Amnija"), 1Damentional Publishing, LLC ("1Damentional"), Mavor & Moses Publishing, LLC d/b/a Roncesvalles Music Publishing ("Roncesvalles"), Sony/ATV Songs LLC ("Sony/ATV"), Vinylz Music Group LLC ("VMG"), and Sony Music Entertainment d/b/a RCA Records ("Sony Music," and together with CBE, Brown, Drake, Vinylz, J-Louis, Walton, Nija, Velous, Lebrun, 40, JLouisMusic, Culture, Universal, Amnija, 1Damentional, Roncesvalles, Sony/ATV, and VMG, the "Defendants"), hereby allege as follows:

## PRELIMINARY STATEMENT

1.      Brown and Drake are world-famous singers, songwriters, and producers.  Their hit song *No Guidance*, released on June 8, 2019, debuted at number nine on the U.S. Billboard Hot 100 chart and peaked at number five; it also reached number one on the U.S. R&B/Hip-Hop Airplay, U.S. Adult R&B Songs, and U.S. Rhythmic charts, among others.  It was nominated for "Best R&B Song" at the 2020 Grammy Awards, and it won both "Song of the Year" and "Best Collaboration" at the 2019 Soul Train Music Awards.

2.      By all accounts, *No Guidance* is an enormous commercial success and has generated (and continues to generate) millions of dollars in revenue and profits for Defendants. Indeed, the 9-minute and 6-second "official" music video for *No Guidance* has garnered more than 373 million views on YouTube in the 25 months since it was published on July 26, 2019.

Moreover, the main hook or chorus of the song has been or is currently being used in commercial advertisements for various products and/or services.

3.      However, by every method of analysis, *No Guidance* is a forgery—copied from Plaintiffs, who wrote, recorded, and published their original song, *I Love Your Dress* (also referred to herein as, the "Work"), approximately 3 years earlier.

4.      To be sure, any comparative analysis of the beat, lyrics, hook, rhythmic structure, metrical placement, and narrative context demonstrates that *No Guidance* was copied or principally derived from *I Love Your Dress*.

5.      Highly regarded musicology experts have compared *No Guidance* and *I Love Your Dress* and found a "high degree of combined similar features, including the hook lyrics and the primary scale degrees." Indeed, the hook lyrics repeated 16 times in Plaintiffs' *I Love Your Dress* ("she got it; she got it" / "you got it; you got it") can be heard no less 11 times in Defendants' *No Guidance* ("you got it, girl; you got it")*.*

6.      In addition, according to the experts, both songs also use the distinctive sound effect of a pitch metronome-like click and a vocal effect through which portions of the primary vocal part appear to have been sped up to a high register and added to double/echo the primary vocal part.

7.      Non-expert listeners have separately pointed out that Defendants "copied" *I Love Your Dress* in creating *No Guidance* as the two songs clearly employ numerous noticeably similar composition elements and lyrics, which result in a sound and feel that are very much alike.

8.      For these reasons and others, as set forth in greater detail below, Defendants have unlawfully exploited *I Love Your Dress*, and they have – with actual knowledge and fraudulent

intent – infringed upon, and continue to infringe upon, Plaintiffs' common law and statutory copyrights for the Work, causing serious and significant injury to Plaintiffs.

## PARTIES

9.     Cooper is a singer, songwriter, and producer best known for his "TRAP-N-B" music, which combines smooth R&B vocals and lyrics with heavy hitting beats.  Cooper is an individual domiciled and residing in West Palm Beach, Florida.

10.     Valentine is a drummer and producer, who has provided the rhythm and beats for various songs written and performed by Cooper, including the Work.  Valentine is an individual domiciled and residing in Riviera Beach, Florida.

11.     Cooper and Valentine became the owners of a common law copyright for the Work when Cooper first wrote, then the two first recorded and published the Work on or around July 7, 2016 (the "Common Law Copyright").  They became owners of the statutory copyright for the Work when it was registered with the U.S. Copyright Office on August 17, 2020 (U.S. Copyright Office Registration No. PA0002252931) (the "Statutory Copyright").

12.     SSE is a corporation organized and existing under the laws of the State of Florida with a principal place of business located in West Palm Beach, Florida.

13.     Upon information and belief, CBE is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Los Angeles, California.  CBE is the copyright claimant for the sound recording of *No Guidance* registered with the U.S. Copyright Office on June 19, 2019 (U.S. Copyright Office Registration No. SR0000849072) (the "First Defendants' Copyright").

14.     Upon information and belief, Brown is an individual domiciled and residing in Tarzana, California.  Brown is listed as one of the authors of the music and lyrics for *No Guidance*

on the copyright registered with the U.S. Copyright Office on May 5, 2020 (U.S. Copyright Office Registration No. PA0002239293) (the "Second Defendants' Copyright").

15.     Upon information and belief, Drake is an individual domiciled and residing in Hidden Hills, California.  Drake is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

16.     Upon information and belief, Vinylz is an individual domiciled and residing in New York, New York.  Vinylz is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

17.     Upon information and belief, J-Louis is an individual domiciled and residing in Los Angeles, California.  J-Louis is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

18.     Upon information and belief, Walton is an individual domiciled and residing in the Sherman Oaks, California.  Walton is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

19.     Upon information and belief, Nija is an individual domiciled and residing in Sherman Oaks, California.  Nija is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

20.     Upon information and belief, Velous is an individual domiciled and residing in Beacon, New York.  Velous is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

21.     Upon information and belief, Lebrun is an individual domiciled and residing in Studio City, California.  Lebrun is listed as one of the authors of the music and lyrics for *No Guidance* on the Second Defendants' Copyright.

22.     Upon information and belief, 40 is an individual domiciled and residing in Ontario, Canada.  40 is credited publicly as one of the "producers" of *No Guidance*.

23.     Upon information and belief, JLouisMusic is a limited liability company organized and existing under the laws of the State of California with a principal place of business located in North Hollywood, California.  JLouisMusic is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

24.     Upon information and belief, Culture is an unincorporated division and record label of Universal.  Culture is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

25.     Upon information and belief, Universal is a corporation organized and existing under the laws of the State of California with a principal place of business located in Santa Monica, California, which does business, in part, through its unincorporated division and record label, Culture.  Universal is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

26.     Upon information and belief, Amnija is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in Union, New Jersey.  Amnija is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

27.     Upon information and belief, 1Damentional is a limited liability company organized and existing under the laws of the State of Georgia with a principal place of business located in Atlanta, Georgia. 1Damentional is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

28.     Upon information and belief, Roncesvalles is a limited liability company organized

and existing under the laws of the State of Delaware with a principal place of business located in Ontario, Canada.  Roncesvalles is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

29.     Upon information and belief, Sony/ATV is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.  Sony/ATV is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

30.     Upon information and belief, VMG is a limited liability company organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.  VMG is listed as one of the copyright claimants for *No Guidance* on the Second Defendants' Copyright.

31.     Upon information and belief, Sony Music is general partnership organized and existing under the laws of the State of Delaware with a principal place of business located in New York, New York.  Upon information and belief, Sony Music does business, in part, through its unincorporated division and record label, RCA Records, which holds – and, at all relevant times, has held – a license for the use and commercial exploitation of *No Guidance*.

32.     Upon information and belief, none of the Defendants that are limited liability companies have any members that are citizens of the State of Florida.

### JURISDICTION & VENUE

33.     This Court has original federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) based upon Plaintiffs' claims under the federal Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act").

34.     This Court has original diversity jurisdiction under 28 U.S.C. § 1332 in that

complete diversity of citizenship exists as between Plaintiffs, on the one hand, and Defendants, on the other hand, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

35.     This Court has supplemental jurisdiction over any and all state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) in that such claims are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

36.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims asserted occurred in the Southern District of Florida.  In addition to the harm caused to Plaintiffs residing in or around West Palm Beach, Florida, Defendants have, *inter alia*, directed their activities and marketing of *No Guidance* to residents in this judicial district, enabled residents of this judicial district to purchase, download, and stream the infringing work, and otherwise engaged in purposeful and continuing business activities in this judicial district.  Defendants are, at a minimum, constructively aware of their continuous and substantial commercial interactions with residents in this judicial district and, upon information and belief, have generated substantial revenue from the exploitation of *No Guidance* in this judicial district.

## FACTUAL BACKGROUND

### A.     Plaintiffs' Creation and Publication of the Work

37.     Cooper wrote the lyrics for *I Love Your Dress* in 2016, recorded it with Valentine soon thereafter, and promptly registered it with Broadcast Music Inc. d/b/a BMI on July 7, 2016.

38.     For at least a few months starting on or about July 7, 2016, the Work was published and available to the public on SoundCloud, and Cooper and Valentine thereby became the owners of the Common Law Copyright.

39.     Cooper was inspired by his wife (who he had recently married in 2015) to write the lyrics for the Work, and the "essence of the song," emanates from the phrase "she got it; she got it" / "you got it; you got it," used in the hook/chorus and repeated 16 times throughout the Work.

40.     On August 25, 2018, Cooper performed *I Love Your Dress* live at Miami Live in Miami Beach, Florida with many people in attendance.

41.     Cooper then published a video of the live performance on YouTube three days later, on August 28, 2018.

42.     The video of Cooper's live performance of the Work has been publicly available on YouTube since it was first published, and it is clear from the video that multiple unknown individuals also recorded all or some of the live performance.

43.     Cooper subsequently included the Work as the second track on his debut extended play record, *My Life in Black & White*, which was published no later than January 25, 2019 on Spotify, Apple Music, Tidal, and other major streaming and download platforms.

44.     For months before *No Guidance* was published, Cooper, Valentine, and others extensively advertised *My Life in Black & White*, and the Work specifically, on a number of social media applications and Internet-based websites, including, but not limited to, Instagram, Facebook, Twitter, and https://www.therealmrcooper.com.

45.     By no later than May 7, 2019, Cooper's original music video for the Work was also published or otherwise made available to the public through YouTube, Instagram, Snapchat, Facebook, Twitter, and https://www.therealmrcooper.com.

**B.**     **Defendants' Access to the Work**

46.     By virtue of publication and live performance of *I Love Your Dress*, as described above, Defendants' had access to the Work long before the creation and publication of *No Guidance*.

47.     In addition, in early March 2019, an A&R representative called Mic Tee – associated with Cash Money Records and the AMAG Collective, among others – contacted Cooper to discuss Cooper's musical talents.

48.     Cooper was struck by a suggestion made during their initial telephone conversation that Cooper and Mic Tee should take a trip to Toronto, which was known by Cooper and is widely known in the business as Drake's original hometown.[1]

49.     In any event, after the initial telephone conversation, Cooper (through his marketing agents) sent Mic Tee an email with a link to *My Life in Black & White* and a specific reference to all three tracks contained on that record, including *I Love Your Dress*.  Mic Tee responded by email dated March 15, 2019, confirming his receipt of the prior email related to the Work and asking if Cooper had any "unreleased music" that could be sent (presumably so that Mic Tee and/or his associates could use such music with minimal risk of subsequent infringement claims).

---

[1] Notably, Toronto is also the main location of the AMAG Collective, which, among other things, scouts and develops new talent for Cash Money Records and its founder, Bryan Williams a/k/a Birdman ("Birdman").  During the time when *No Guidance* was being created and recorded, Birdman and Brown (and their associates) were in regular and close contact as co-producers and co-stars, filming the movie entitled *She Ball*, which was ultimately released in theaters in February 2020.  It is also well-documented that Birdman was an early advocate of Drake's reconciliation with Brown after their June 2012 dispute at W.i.P. nightclub in New York City.  The 9-minute and 6-second "official" music video for *No Guidance* alludes to that dispute. Additional social and business-related connections between and among Mic Tee, Cash Money Records, AMAG, Brown, and Drake abound, and further discovery will likely support the assertion that Defendants had access to and actually heard the Work, then incorporated key elements of it when creating *No Guidance*.

50.     Cooper did not send Mic Tee any "unreleased music," but became suspicious of the interaction upon hearing *No Guidance* for the first time a few months later.

**C.     Defendants' Infringement**

51.     It is beyond dispute that *I Love Your Dress* was written, recorded, published, performed, and otherwise made widely available by Plaintiffs long before Defendants created or published *No Guidance*.  In point of fact, records obtained from the U.S. Copyright Office confirm that *No Guidance* was not created until 2019 and was not published until June 8, 2019.

52.     Moreover, in addition to containing similar beat patterns, the melody and lyrics used in the chorus/hook of *No Guidance* ("you got it, girl; you got it") are so strikingly similar to those used in the chorus of *I Love Your Dress* that they cannot be purely coincidental.

53.     *No Guidance* is at least substantially similar to *I Love Your Dress* in critical respects that are not just incidental, but rather go the core of each work.

54.     Expert musicologists have compared the two works and found, *inter alia*, a "high degree of combined similar features, including the hook lyrics and the primary scale degrees."

55.     Without limitation, the expert musicologists have also noted that both works also use the distinctive sound effect of a pitch metronome-like click and a vocal effect through which portions of the primary vocal part appear to have been sped up to a high register and added to double/echo the primary vocal part.

56.     Non-expert listeners have similarly pointed out that Defendants "copied" *I Love Your Dress* in creating *No Guidance* as the two songs clearly employ numerous noticeably similar composition elements and lyrics, which result in a sound and feel that are very much alike.

57.     Even the theme of the lyrics, relating to an attractive woman working hard, are very similar.  By way of example only, whereas *I Love Your Dress* includes the lines, "It's the way you

walk and how you carry yourself; girl, you work so hard, you don't need no help; you got it, you got it," *No Guidance* includes the lines, "no nine to five, put the work in; flaws and all, I love 'em all, to me, you're perfect; baby girl, you got it, girl, you got it, girl."

58.    Furthermore, upon information and belief, the line "Flew the coop at 17, no guidance" in *No Guidance* (the very same line from which the song derives its name) is a disguised reference to Cooper (who is often called "Coop"), which Defendants used mockingly after stealing substantial portions of the Work created by Cooper.

59.    Plaintiffs are – and, at all relevant times, have been – owners of both the Common Law Copyright and the Statutory Copyright.

60.    Upon information and belief, Defendants do not and never did hold any licensing rights with respect to the Work and never acquired any other rights in or to it.

61.    Defendants nonetheless had access to the Work by virtue of its online publication and distribution and through the more personal connections of Mic Tee, AMAG Collective, Birdman, and others.

62.    The similarities between *No Guidance* and the Work – including the key phrase used in the chorus and repeated in the same manner numerous times throughout both songs – are such that it is simply not reasonable to believe that *No Guidance* could have been created without having heard the Work first.

63.    Instead, it is clear that Defendants copied, interpolated, or otherwise used material, unique, and distinct portions of the Work, as previously published, in the creation of *No Guidance*, creating a derivative work, without license or other consent by Plaintiffs.

64.    Accordingly, on December 15, 2020, Cooper and SSE, through their counsel, notified Defendants of the infringement by letter addressed to CBE at the address it provided as

"Copyright Claimant" on the First Defendants' Copyright (and copying certain agents of Sony Music and Drake), and, in the same letter, demanded the following relief: (i) an accounting of all direct and indirect royalties, revenues, and/or other economic benefits generated by the creation and subsequent commercial exploitation of *No Guidance*; (ii) payment of no less than fifty percent (50%) of all direct and indirect royalties, revenues, and/or other economic benefits generated by the creation and subsequent commercial exploitation of *No Guidance* up to the date of the accounting; (iii) payment of no less than fifty percent (50%) of all direct and indirect royalties, revenues, and/or other economic benefits generated by the creation and subsequent commercial exploitation of No Guidance in the future; and (iv) formal recognition and acknowledgment of Cooper as a co-author of *No Guidance* (the "Pre-Suit Notice and Demand").

65.    Defendants ignored the Pre-Suit Notice and Demand and have continued to exploit *No Guidance* without permission by using the melodic, harmonic, rhythmic, and lyrical compositions copied from *I Love Your Dress*.

66.    Despite the Pre-Suit Notice and Demand, each of Defendants have continued to infringe Plaintiffs' copyrighted Work.

67.    The infringement by Defendants is willful, as evidenced by their continuing infringement of *I Love Your Dress* after the Pre-Suit Notice and Demand was provided to them.

68.    Defendants knowingly and intentionally infringed upon Plaintiffs' rights. Defendants' collective knowledge and intent are established by, among other things, the facts set forth herein and by the fact that Defendants, to this day, have neither sought, nor obtained, a license from Plaintiffs.

69.    It is undeniable that *No Guidance* is a commercial "hit" song.  It debuted at number nine on the U.S. Billboard Hot 100 chart and peaked at number five; it also reached number one

on the U.S. R&B/Hip-Hop Airplay, U.S. Adult R&B Songs, and U.S. Rhythmic, among others. It was nominated for Best R&B Song at the 2020 Grammy Awards, and it won both "Song of the Year" and "Best Collaboration" at the 2019 Soul Train Music Awards. Portions of it have even been used in commercial advertisements for various products and/or services.

**AS AND FOR A FIRST CAUSE OF ACTION**
**(Copyright Infringement – Common Law)**

70. Plaintiffs repeat and reallege each and every allegation in the foregoing paragraphs as though fully set forth herein.

71. Plaintiffs are – and, at all relevant times, were – owners of the Common Law Copyright.

72. After the Common Law Copyright came into existence, Defendants had access to the Work by virtue of Plaintiffs' online publication, public performance, and other public distribution of the Work.

73. Upon information and belief, Defendants also had access to the Work through the more direct and personal connections of Mic Tee, AMAG Collective, Birdman, and others.

74. The striking similarity between the Work and *No Guidance* are such that *No Guidance* could not have been created without access to the Work, and Defendants' access to the Work may be further established on that basis.

75. Defendants infringed upon Plaintiffs' Common Law Copyright when they copied substantial parts of the Work in creating *No Guidance*.

76. Since copying the Work in creating *No Guidance*, Defendants' reproduction, distribution, public performance, use, and other commercial exploitation of *No Guidance* has been regular, routine, and continuous.

77. Defendants have not compensated Plaintiffs for using the Work even though they

received money and other substantial benefits from doing so during the period between June 9, 2019 (when Defendants first published *No Guidance*) and August 17, 2020 (when Plaintiffs procured the Statutory Copyright).

78.     During the relevant time period, Defendants, and each of them, engaged in the unauthorized creation, reproduction, distribution, public performance, streaming, broadcasting, licensing, display, use, and/or other commercial exploitation of *No Guidance*, which infringes Plaintiffs' exclusive rights to the Work under common law.

79.     During the relevant time period, Defendants, and each of them, made copies of *No Guidance* and sold, reproduced, distributed, publicly performed, streamed, broadcasted, licensed, displayed, used, and/or otherwise commercial exploited *No Guidance* without Plaintiffs' consent.

80.     Defendants never received permission, authorization, consent, or even a license from Plaintiffs to interpolate, sample, use, or copy the Work, in whole or in part.

81.     All of the elements of the Work, and the creative selection and combination of those elements, are original.

82.     During the relevant time period, Defendants, and each of them, with knowledge of the infringement at issue, took material steps to copy the Work to create and subsequently use and monetize *No Guidance*.  In doing so, Defendants contributed to one another's infringement by assisting in the obtainment and copying of material portions of the Work.

83.     During the relevant time period, Defendants, and each of them, financially benefited from the known infringement at issue and had the ability to supervise, oversee, and control the infringing conduct that gave rise to the creation and subsequent use and monetization of *No Guidance*.

84.     During the relevant time period, Defendants further infringed upon the Common Law Copyright when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of *No Guidance* or established royalty splits with co-Defendants not entitled to illegal revenues generated by *No Guidance*.  These license and agreements were issued without any consent, authority, or approval from Plaintiffs.

85.     Defendants' conduct in infringing upon the Work has, at all times, been knowing and willful and with disregard to Plaintiffs' rights.

86.     As a direct and/or proximate cause of Defendants' wrongful conduct during the relevant time period, Plaintiffs were harmed, suffered actual damages in the form of, *inter alia*, lost licenses, revenues, royalties, and profits, lost goodwill, and a diminution in the value of the Work in an amount to be determined at trial, but, in no event, less than $75,000.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Copyright Infringement – 17 U.S.C. § 101, *et seq.*)

87.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 above as though fully set forth herein.

88.     Plaintiffs are owners of the Statutory Copyright.

89.     Since Plaintiffs' procurement of the Statutory Copyright on August 17, 2020, Defendants' reproduction, distribution, public performances, and other commercial exploitation of *No Guidance* has been regular, routine, and continuous.

90.     Defendants have not compensated Plaintiffs for using the Work even though they received money and other substantial benefits from doing so during the period from August 17, 2020 to the present.

91.     During the relevant time period, Defendants, and each of them, engaged in the unauthorized reproduction, distribution, public performance, streaming, broadcasting, licensing,

display, use, and/or other commercial exploitation of *No Guidance*, which infringes Plaintiffs' exclusive rights to the Work under the Copyright Act.

92.     During the relevant time period, Defendants, and each of them, made copies of *No Guidance* and sold, reproduced, distributed, publicly performed, streamed, broadcasted, licensed, displayed, used, and/or otherwise commercial exploited *No Guidance* without Plaintiffs' consent.

93.     Defendants never received permission, authorization, consent, or even a license from Plaintiffs to interpolate, sample, use, or copy the Work, in whole or in part.

94.     All of the elements of the Work, and the creative selection and combination of those elements, are original.

95.     During the relevant time period, Defendants, and each of them, with knowledge of the infringement at issue, took material steps to copy the Work to create and subsequently use and monetize *No Guidance*.  In doing so, Defendants contributed to one another's infringement by assisting in the obtainment and copying of material portions of the Work.

96.     During the relevant time period, Defendants, and each of them, financially benefited from the known infringement at issue and had the ability to supervise, oversee, and control the infringing conduct that gave rise to the creation and subsequent use and monetization of *No Guidance*.

97.     During the relevant time period, Defendants further infringed upon the Statutory Copyright when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of *No Guidance* or established royalty splits with co-Defendants not entitled to illegal revenues generated by *No Guidance*.  These license and agreements were issued without any consent, authority, or approval from Plaintiffs.

98.     Defendants' conduct in infringing upon the Work has, at all times, been knowing

and willful and with disregard to Plaintiffs' rights. It is particularly clear that Defendants' conduct since the date of the Pre-Suit Notice and Demand sent on December 15, 2020 constitutes knowing and willful infringement of Plaintiffs' Statutory Copyright.

99.     As a direct and/or proximate cause of Defendants' wrongful conduct during the relevant time period, Plaintiffs have been and continue to be harmed, and they have suffered and continue to suffer actual damages in the form of, *inter alia*, lost licenses, revenues, royalties, and profits, lost goodwill, and a diminution in the value of the Work in an amount to be determined at trial, but, in no event, less than $75,000. Alternatively, with respect to each of Defendants' acts infringement upon the Statutory Copyright, Plaintiffs may elect to recover statutory damages and hereby reserve the right to do so any at any time before final judgment is rendered in accordance with 17 U.S.C. § 504(c).

**AS AND FOR A THIRD CAUSE OF ACTION**
**(Vicarious Copyright Infringement)**

100.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 above as though fully set forth herein.

101.     The reproduction, distribution, and creation of derivative works from *I Love Your Dress* constitutes the direct infringement of *I Love Your Dress* and Plaintiffs' copyrights.

102.     Defendants derive a direct financial benefit from this infringement, including without limitation, revenue sharing and/or royalty payments for each infringing version sold.

103.     Defendants have the right and ability to supervise the activities of those engaged in the infringement, including, without limitation, contractual rights, license agreement(s), and/or other artistic or approval rights.

104.     Defendants' acts of infringement were and continue to be willful, in disregard of, and with indifference to, the rights of Plaintiffs. It is particularly clear that Defendants' conduct

since the date of the Pre-Suit Notice and Demand sent on December 15, 2020 constitutes knowing and willful infringement of Plaintiffs' Statutory Copyright.

105.     As a result of Defendants' acts or omissions as set forth herein, Plaintiffs have suffered and continue to suffer substantial damages to their business including, without limitation, diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of their rights, none of which may be fully ascertained at this time.

106.     Defendants have also unlawfully profited from their infringement, constituting actual damages in an amount to be determined at trial.

107.     Accordingly, Defendants are liable to Plaintiffs for vicarious copyright infringement in an amount to be determined at trial but, in no event, less than $75,000.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(Declaratory Judgment)**

108.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 above as though fully set forth herein.

109.     Plaintiffs are the authors and copyright owners for the Work and, given the nature and extent of Defendants' infringement, Plaintiffs are entitled to no less than fifty percent (50%) of the publishing and other revenues derived from *No Guidance*.

110.     An actual, substantial, and continuing controversy exists between Plaintiffs and Defendants given the acts and omissions set forth above, including, without limitation, Defendants' continuing failure and refusal to recognize Plaintiffs' entitlement to no less than fifty percent (50%) of the publishing and other revenues derived from *No Guidance*.

111.     Plaintiffs face a definite threat of future injury as Defendants continue their infringement with respect to the Work in violation of Plaintiffs' legal interests and without compensating Plaintiffs appropriately.

112.     Plaintiffs and Defendants have adverse legal interests, and there is sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.     Plaintiffs are entitled to a judicial declaration of their rights and other legal relations pursuant to, *inter alia*, 28 U.S.C. § 2201(a).

## AS AND FOR AN FIFTH CAUSE OF ACTION
### (Demand for Accounting)

114.     Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 above as though fully set forth herein.

115.     As demonstrated herein, Plaintiffs have an economic interest in all of the money that is generated from the distribution and any other exploitation of *No Guidance* in that Plaintiffs are the copyright owners of the infringed upon work, *I Love Your Dress*.

116.     Additionally, Plaintiffs have an economic interest in any future exploitation of *No Guidance* and any royalties which result from any such future exploitation.

117.     Plaintiffs reasonably believe that Defendants have generated an undetermined – yet substantial – amount of money, due to the commercial success of *No Guidance* through sales, distribution, promotion, circulation, and other forms of exploitation.

118.     The amount of money/proceeds due from Defendants is unknown to Plaintiffs and cannot be ascertained without an accounting of all Defendants' financial records related to *No Guidance*.

119.     As a result of Defendants' actions, Plaintiffs have been damaged in an amount to be determined at trial after an accounting has been conducted.

120.     Accordingly, Plaintiffs are entitled to an accounting of all Defendants' financial records related to *No Guidance* in order to determine the sums rightfully due and owing to Plaintiffs.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Unjust Enrichment)**

121.    Plaintiffs repeat and reallege each and every allegation set forth in Paragraphs 1 through 69 above as though fully set forth herein.

122.    Based on the facts described herein, Defendants have become unjustly enriched at the expense of Plaintiffs.

123.    It would be against equity and good conscience to permit Defendants to retain the benefits that they have realized at Plaintiffs' expense.

124.    Accordingly, Defendants have been unjustly enriched at Plaintiffs' expense in an amount to be determined at trial.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against Defendants as follows:

       a.  On the First Cause of Action, awarding Plaintiffs damages in an amount to be determined at trial;

       b.  On the Second Cause of Action, awarding Plaintiffs damages in an amount to be determined at trial;

       c.  On the Third Cause of Action, awarding Plaintiffs damages in an amount to be determined at trial;

       d.  On the Fourth Cause of Action, declaring that, given the nature and extent of Defendants' infringement with respect to the Work, Plaintiffs are entitled to no less than fifty percent (50%) of the publishing and other revenues derived from *No Guidance*;

       e.  On the Fifth Cause of Action, requiring Defendants to provide a complete accounting of all Defendants' financial records related to *No Guidance*;

       f.  On the Sixth Cause of Action, awarding Plaintiffs damages in an amount to be determined at trial and/or imposing a constructive trust upon all revenues received by Defendants' from *No Guidance*;

       g.  Awarding Plaintiffs punitive damages, pre-judgment and post-judgment interest, attorneys' fees, costs, expenses, and disbursements; and

h.  Awarding Plaintiffs such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of

any issues so triable by right.

Dated: West Palm Beach, FL
        October 5, 2021

McLAUGHLIN & STERN PLLC

By:     */s/ Neil B. Solomon*
        Neil B. Solomon, Esq.

525 Okeechobee Blvd., Suite 1700
West Palm Beach, FL 33401
Tel.: (561) 659-4020
nsolomon@mclaughlinstern.com

McLAUGHLIN & STERN, LLP
Chester R. Ostrowski, Esq.*
Jason S. Giaimo, Esq.*
260 Madison Avenue
New York, NY 10016
Tel.: (212) 448-1100
costrowski@mclaughlinstern.com
jgiaimo@mclaughlinstern.com
* *Pro Hac Vice* Admission Anticipated

*Attorneys for Plaintiffs Braindon N. Cooper a/k/a Mr Cooper, Timothy L. Valentine a/k/a Drum'N Skillz, and Signature Seriez Entertainment, Inc.*