## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-cv-81870-RUIZ

BRAINDON N. COOPER *a/k/a* MR COOPER, et al.,

     Plaintiff,

v.

CHRIS BROWN ENTERTAINMENT, LLC *d/b/a*
CHRISTOPHER BROWN ENTERTAINMENT, LLC.,
et al.

        Defendants.

_____/

### <u>MOTION TO DISMISS THE COMPLAINT</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendants Chris Brown ("Brown"); Chris Brown Entertainment, LLC ("CBE"); Culture Beyond Ur Experience; Sony/ATV Songs, LLC (*n/k/a* Sony Music Publishing (US) LLC) ("SMP"); Sony Music Entertainment ("SME"); Songs of Universal, Inc. ("Universal"); J-Louis Productions, LLC and Joshua Louis Huizar ("J-Louis"); Anderson Hernandez ("Hernandez") *p/k/a* Vinylz and Vinylz Music Group ("Vinylz"); Amnija, LLC *d/b/a* Songs of Amnija; and Nija Charles *p/k/a* Njia ("Nija") (collectively, "Defendants") move to dismiss the Complaint filed by plaintiffs Braindon N. Cooper *a/k/a* Mr. Cooper ("Cooper") and Timothy L. Valentine *a/k/a* Drum'N Skillz ("Valentine") (together, "Plaintiffs").

### <u>INTRODUCTION</u>

Plaintiffs bring this baseless suit, alleging that Defendants infringed the copyright for their song, "I Love Your Dress" ("Plaintiffs' Song").  Plaintiffs speculate that Defendants – who include two of the biggest musical artists in the world, Brown and co-defendant Drake – accessed Plaintiffs' obscure song; copied certain aspects of the song; and then promptly released a "forged" song, entitled "No Guidance."  By Plaintiffs' own account, "No Guidance" is an "enormous commercial

success," garnering more than "373 million" YouTube views, charting at number five on the Billboard Hot 100, and earning a Grammy nomination for "Best R&B Song."

The Complaint must be dismissed as Plaintiffs have not plausibly alleged copyright infringement, nor can they.  As an initial matter, Plaintiffs have not alleged that Defendants had the requisite "access" to Plaintiffs' Song in order to copy it – either through widespread dissemination on the Internet or through a third-party intermediary.  Moreover, Plaintiffs' suit is premised upon the alleged similarity between the wholly generic lyrical phrase "you got it" and the alleged similar (and unoriginal) theme of a hard-working, attractive woman.  No one, including Plaintiffs, can own or monopolize the non-copyrightable phrase "you got it," and it should come as no surprise that this phrase appears in countless other works.  Also, lyrical themes are simply unprotectable as a matter of law.

The Court can hear for itself that the total concept and feel of the songs is vastly different.  Plaintiffs' Song is a slow, R&B love ballad about the writer's wife featuring one vocalist (Cooper) and relatively few lyrics.  In sharp contrast, "No Guidance" is a faster, longer, and sexually explicit rap and R&B song about a new romantic interest.  Further, "No Guidance" features two vocalists: Brown and Drake.  Any average listener can readily distinguish the two recordings and conclude that Defendants did not copy "what is pleasing to the ears."  Plaintiffs' copyright infringement claims are therefore inadequate as a matter of law.

Plaintiffs' state law claims are equally deficient.  The claims for "common law" copyright infringement and unjust enrichment are preempted by the Copyright Act because they are based on the alleged unauthorized use of Plaintiffs' Song.  Plaintiffs' accounting claim should also be dismissed because it is a remedy, not a cause of action.

No amount of discovery or re-pleading is going to change the songs or the generic, unprotectable nature of what is alleged to be similar.  Accordingly, the Court can compare the songs, find non-infringement as a matter of law, and dismiss the Complaint with prejudice.

## BACKGROUND

### A.     The Parties.

Cooper is a singer, songwriter, and producer whose musical style "combines smooth R&B vocals and lyrics with heavy hitting beats." (Compl. ¶ 9).[1]  Valentine is a drummer and producer. (*Id.* ¶ 10).  Together, Plaintiffs recorded Plaintiffs' Song and registered the composition with the U.S. Copyright Office on August 17, 2020.  (*Id.* ¶ 11).[2]

Brown is one of the most influential and successful R&B singers of all time.  Drake is a Grammy award-winning rapper and singer who is one of the world's best-selling musicians. Brown and Drake wrote "No Guidance" with Vinylz, J-Louis, and Nija, along with five other credited writers (who are separately represented) (the "No Guidance Composition").  (*Id.* ¶¶ 16, 17, 19).  SME released Brown's and Drake's performance of the No Guidance Composition on June 8, 2019 (the "No Guidance Recording," collectively with the No Guidance Composition, "Defendants' Works").  (*See id.* ¶¶ 1, 14-15).

CBE registered the No Guidance Recording with the U.S. Copyright Office on June 19, 2019.  (*See id.* ¶¶ 11, 13).  The No Guidance Composition was registered with the U.S. Copyright Office on May 5, 2020.  (*Id.* ¶¶ 14, 25, 29).

### B.     The Complaint's Deficient "Access" Allegations.

Plaintiffs allege that they wrote and recorded Plaintiffs' Song in 2016.  (*Id.* ¶ 37).  Despite claiming that they published Plaintiffs' Song on SoundCloud (an online audio distribution platform) for a "few months" in 2016, Plaintiffs conspicuously fail to allege the total number of "plays" that the song received before its removal from SoundCloud.  (*See id.* ¶ 38).

---

[1] For the purpose of this motion only, Defendants assume the truth of the allegations contained in the Complaint, including Plaintiffs' ownership of Plaintiffs' Song.  Should Plaintiffs' Complaint survive dismissal, Defendants intend to vigorously dispute the veracity of Plaintiffs' allegations.

[2] Given Plaintiffs' belated registration of their Song, they are precluded from recovering statutory damages or attorneys' fees as a matter of law.  *See MidLevelU, Inc. v. ACI Info. Group*, 989 F.3d 1205, 1219 (11th Cir. 2021).

Approximately two years later, in August 2018, Cooper allegedly performed Plaintiffs' Song at an event in Miami with "many people in attendance." (*Id.* ¶ 40). There is no allegation that any of the Defendants, much less the writers of the No Guidance Composition, attended the Miami performance. Plaintiffs further claim that, shortly after the performance, Cooper posted it on YouTube. (*Id.* ¶ 41). There is no allegation that any Defendants accessed this YouTube video, which had garnered only modest views prior to this litigation.

Cooper also allegedly published Plaintiffs' Song on streaming and downloading platforms on January 25, 2019 and published a music video on YouTube on May 7, 2019. (*Id.* ¶¶ 43-44). Once more, Plaintiffs do not identify the number of views or streams that Plaintiffs' Song received on these platforms **before** Defendants' Works were released on June 8, 2019. Plaintiffs nonetheless baldly assert, with no proof whatsoever, that "Defendants" had access to Plaintiffs' Song through those platforms. (*Id.* ¶ 46).

Plaintiffs also allege that they sent their Song to an individual named "Mic Tee," a purported A&R representative[3] associated with non-parties Cash Money Records ("Cash Money") and the AMAG Collective. (*Id.* ¶¶ 47, 61). Plaintiffs do not allege that Mic Tee, Cash Money or AMAG had anything to do with the creation of Defendants' Works. Nor do Plaintiffs allege that any of these non-parties provided Plaintiffs' Song to any of the creators of Defendants' Works or any specific facts that would support a theory of access through a third-party intermediatory. Rather, Plaintiffs speculate that a "Defendant" **might** have heard their song because the AMAG Collective "scouts" talent for Cash Money, and its founder, non-party Bryan Williams *a/k/a* "Birdman," was allegedly filming a movie with Brown at the time. (*Id.* ¶ 48 n.1). As demonstrated herein, such rank speculation is insufficient to allege access as a matter of well-established law.

Plaintiffs' allegations of similarity are centered around the two songs' lyrics. Specifically, Plaintiffs allege that their Song contains the repeated phrases, "she got it" and "you got it," while

---

[3] "A&R" is the department of a record label "responsible for helping the company find, sign and guide new talent." *See Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003).

"No Guidance" repeats the phrase, "you got it, girl, you got it."  (*Id.* ¶¶ 5, 39, 52, 53, 74).  Plaintiffs further allege that both songs involve the lyrical theme of "an attractive woman working hard." (*Id.* ¶ 57).  Plaintiffs further vaguely contend that the two songs have similar "beat[s]," "beat patterns," "rhythmic structure," "metrical placement," "primary scale degrees," "melodies," and "distinctive sound effect[s]."  None of these alleged similarities are articulated with any detail.  (*Id.* ¶¶ 4-6, 52, 55).  These allegations are defied by a cursory listen of the two songs, as the Court can hear for itself that these are two very different songs, and that any lyrical similarity consists of nothing more than generic, short phrases that are not original to Plaintiffs and not protectable as a matter of law.

Plaintiffs' Complaint impermissibly lumps all of the Defendants together and includes claims for common law copyright infringement (Count I), federal copyright infringement (Count II), vicarious copyright infringement (Count III), declaratory judgment of copyright infringement (Count IV), accounting (Count V), and unjust enrichment (Count VI).  (*Id.* ¶¶ 70-124).  Each of these claims fail as a matter of law.

## **ARGUMENT**

**A.**   **Relevant Legal Standards**.

A motion to dismiss under Rule 12(b)(6) tests whether the complaint "state[s] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A plaintiff must do more than solely recite the elements for a violation – he must plead facts with sufficient particularity so that his right to relief is more than mere conjecture.  *See Twombly*, 550 U.S. at 561-62; *Iqbal*, 556 U.S. at 677-78 (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation").

In ruling on a Rule 12(b)(6) motion, the Court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Court may also consider exhibits attached to a motion to dismiss if the attached documents are: (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002).

Plaintiffs' Complaint explicitly incorporates and relies upon the works at issue. (*See, e.g.*, Compl. ¶¶ 1-8, 51-69). Consequently, the Court may consider the songs and their lyrics at the dismissal stage and determine, as a matter of law, that no protectable elements have been copied and no substantial similarity exists. *See, e.g., Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 208 (S.D.N.Y. 2019).

In copyright cases, courts routinely grant motions to dismiss based on a plaintiff's failure to properly allege that the defendants accessed and copied their songs. *See, e.g.*, *Dixon v. Sony Corp. of Am.*, No. 12-cv-60160, 2012 WL 1886550, at *3 (S.D. Fla. May 23, 2012); *Adams v. Musk*, No. 15-cv-6756, 2016 WL 2757392, at *4 (E.D.N.Y. May 11, 2016).

Courts also routinely decide non-infringement at the dismissal stage by comparing the works at issue. *See Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("[W]hen the copyrighted work and alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Devil's Advocate, LLC v. Zurich Am. Ins. Co.*, 666 F. App'x. 256, 263 (4th Cir. 2016) ("a district court may properly dismiss a copyright claim in the absence of substantial similarity"). This is because the "works themselves supersede and control contrary descriptions of them in the pleadings." *See Lane v. Knowles-Carter*, 2015 WL 6395940, at *1, n.2 (S.D.N.Y. Oct. 21, 2015). Indeed, in music cases, **"[c]ourts . . . regularly . . . listen to the songs at issue when evaluating a motion to dismiss**." *McDonald v. West*, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015) (emphasis added); *see also Lane*, 2015 WL 6395940, at *6 (dismissing case after comparing two songs).

Here, the two compositions and two recordings are plainly incorporated by reference, integral to the Complaint, and subject to judicial notice.[4]  Accordingly, in ruling on this Motion, the Court may compare the lyrics as well as the YouTube videos:

- https://www.youtube.com/watch?v=nVfPiandMwY&ab_channel=MrCooper
  Plaintiffs' live performance of Plaintiffs'Song, uploaded on August 28, 2018;

- https://www.youtube.com/watch?v=LldZBzkDgk4&ab_channel=MrCooper
  Plaintiffs' music video for Plaintiffs' Song, uploaded on May 7, 2019;

- https://www.youtube.com/watch?v=oOni4BMeMp0&ab_channel=ChrisBrownVEVO
  the No Guidance Recording, uploaded on June 8, 2019; and

- https://www.youtube.com/watch?v=6L_k74BOLag&ab_channel=ChrisBrownVEVO
  Defendants' music video for the No Guidance Recording, uploaded on July 26, 2019.[5]

**B.      Plaintiffs Fail to State a Claim for Copyright Infringement**.

To establish copyright infringement, Plaintiffs must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Telephone Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  For the second element, where a "plaintiff does not have direct proof of copying," a plaintiff may satisfy the copying element by adequately pleading "that the defendants had access to the copyrighted work and that the works are 'substantially similar.'"  *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008) (quoting *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1248 (11th Cir. 1999)).

In order to allege substantial similarity, a plaintiff is required to allege that the defendant's work copied ***protectable*** elements of plaintiff's work, as not all "copying" amounts to actionable copying.  *Id.* at 1224.  Indeed, when the alleged similarities consist of unprotectable elements, such as concepts or commonplace unoriginal phrases, no claim of infringement has been alleged.  *See*

---

[4] Courts may take judicial notice of YouTube videos not attached to the Complaint pursuant to Federal Rule of Evidence 201(b).  *See, e.g., City of Inglewood v. Teixiera*, No. 15-cv-01815, 2015 WL 5025839, at *2 (C.D. Cal. Aug. 20, 2015) (taking judicial notice of six YouTube videos).

[5] Together with this motion, Defendants are conventionally filing a USB drive containing these four YouTube videos.

*Guity v. Santos*, No. 18-cv-10387, 2019 WL 6619217, at *5 (S.D.N.Y. Dec. 5, 2019) (dismissing plaintiff's claims for copyright infringement where "[t]he shared usage of single everyday words [ ] fail[ed] to show substantial similarity between the two songs."), *reconsideration denied,* No. 18-cv-10387, 2020 WL 4340417 (S.D.N.Y. July 28, 2020); *Lane,* 2015 WL 6395940, at *5-8 (granting the defendants' Rule 12(b)(6) motion to dismiss because the purported similarities between the lyrics and title of Beyonce's song "X.O." and the plaintiff's song "X.O.X.O" were insufficient to support a copyright infringement claim).

As explained below, Plaintiffs fail to allege that Defendants had access to Plaintiffs' Song or that the two songs are substantially similar. Consequently, Plaintiffs' claims should be summarily dismissed.

### 1.    Plaintiffs Fail to Plausibly Allege Access.

No infringement can occur without the creators of the allegedly infringing work having access to and copying the plaintiff's work.  To sufficiently plead access, the plaintiff must allege the defendant "had a reasonable possibility of viewing [the work] – speculation, conjecture or bare possibility are not sufficient."  *Ross v. Apple, Inc.*, 741 F. App'x. 733, 737 (11th Cir. 2018); *see also Davis v. Raymond*, No. 12-cv-22578, 2012 WL 12868729, at *3 (S.D. Fla. Nov. 30, 2012) (dismissing complaint that alleges "nothing more than 'mere speculation [and] conjecture' regarding Defendants' access"); *Dixon*, 2012 WL 1886550, at *3 (dismissing complaint that "does not allege any . . . specific facts suggesting that Defendant would have had access to his work").

Access can be alleged either by a chain of events that show a nexus between the creators of the defendants' work to the plaintiffs' work or, "[i]n some instances, proof that a copyright holder's work was 'widely disseminated' has been held to constitute circumstantial evidence of access."  *Olem Shoe Corp. v. Washington Shoe Corp.*, 591 F. App'x. 873, 882 (11th Cir. 2015) (citing *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846–47 (9th Cir. 2012)); *Herzog*, 193 F.3d at 1251.  Copyright infringement claims are routinely dismissed at the pleading stage for

failure to adequately allege access.  *See, e.g.*, *Davis*, 2012 WL 12868729, at *3; *Dixon*, 2012 WL 1886550, at *3.

Plaintiffs purport to allege access by two methods – widespread dissemination and a third-party intermediary.  (*See* Compl. ¶¶ 51, 61).  Neither theory is supported by any factual allegations that remotely satisfy the applicable pleading requirements.

> **a.   Plaintiffs Do Not Allege Widespread Dissemination of Plaintiffs' Song**.

"[F]or a work to be widely disseminated, it must achieve a high degree of commercial success or be readily available in the relevant market."  *Loomis v. Cornish*, No. 12-cv-5525, 2013 WL 6044345, at *10 (C.D. Cal. Nov. 13, 2013).  "In music cases, widespread dissemination has traditionally been demonstrated 'through sales of sheet music, records, and radio performances.'" *Batts v. Adams*, No. 10-cv-8123, 2011 WL 13217923, at *3 (C.D. Cal. Feb. 8, 2011) (quoting *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000)).  The availability of the work must be so widespread "that the defendant can be presumed to have seen or heard it." *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1100 (7th Cir. 2017).

The Complaint fails to plead sufficient facts to allege widespread dissemination.  Plaintiffs contend that "Defendants" had access to Plaintiffs' Song because it was "available to the public" for "a few months" in 2016, and then later "available" through "a number of social media applications and Internet-based websites" shortly before the creation of the No Guidance Composition.  (*See* Compl. ¶¶ 38-46.)  The law is clear, however, that the mere "availability of a copyrighted work on the Internet, in and of itself, is insufficient to show access through widespread dissemination."  *Loomis*, 2013 WL 6044345, at *12 (citing *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)); *see also O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008) ("[T]he mere fact that [plaintiff's] work was posted on the internet prior to the creation of defendants' work is insufficient by itself to demonstrate wide dissemination."); *Tate-Robertson v. Walmart, Inc.*, No. 19-cv-27, 2019 WL 6448960, at *4 (C.D.

Cal. May 16, 2019) (dismissing copyright infringement claim and noting "[s]imply because a work is available for sale does not mean that the work has been 'widely disseminated'").

Rather, a plaintiff must plausibly allege facts suggesting that plaintiff's work has "reach[ed] a wide audience" on the Internet. *See Dixon*, 2012 WL 1886550, at *3 (citing *Art Attacks Ink*, 581 F.3d at 1145). Indeed, Courts have rejected copyright claims where, as here, plaintiff cannot establish widespread Internet popularity. *Compare Apps v. Universal Music Group, Inc.*, No. 2:16-cv-01132, 2018 WL 10455903, at *5 (D. Nev. Apr. 27, 2018) (finding no widespread dissemination where plaintiff performed song at nightclubs and posted song on YouTube where plaintiff was unable to show how many people came to shows or listened to the song on the internet and song was never played on radio or television) *with Gray v. Perry*, No. 2:15-cv-05642, 2018 WL 3954008, at *4 (C.D. Cal. Aug. 13, 2018) (finding that access was plausible where plaintiff's videos had amassed nearly four million views).

Tellingly, Plaintiffs fail to allege how many people accessed Plaintiffs' Song on the Internet before Defendants created the No Guidance Composition. Plaintiffs also conspicuously fail to allege facts sufficient to establish the requisite "high degree of commercial success" such "that the defendant can be presumed to have seen or heard" Plaintiffs' Song. *Loomis*, 2013 WL 6044345, at *12; *Meynart-Hanzel v. Turner Broad. Sys.*, No. 17-cv-6308, 2018 WL 4467147, at *6 (N.D. Ill. Sept. 18, 2018) (rejecting plaintiff's claim of commercial success where the complaint did not detail the alleged breadth of that distribution, including, the number of views, subscribers, traffic). These omissions speak volumes – and are fatal to Plaintiffs' infringement claims.

> **b.    Plaintiffs Fail to Plausibly Allege Access Through a Third-Party Intermediary**.

Plaintiffs also speculate that "Defendants" had access to Plaintiffs' Song through a non-party named "Mic Tee," an alleged A&R representative "associated with" non-parties Cash Money and the AMAG Collective. Mic Tee purportedly contacted Cooper in March 2019 and was

allegedly provided a copy of Plaintiffs' Song.  (*See* Compl. ¶ 47).  Here, too, Plaintiffs' allegations are nothing more than wholesale speculation, and insufficient to allege access as a matter of law.

"[A] court may infer access 'if the author sent the copyrighted work to a third party intermediary who has a close relationship with the infringer.'"  *Davis*, 2012 WL 12868729, at *3 (quoting *Herzog*, 193 F.3d at 1250).  To allege access based on a third-party intermediary, Courts require the intermediary to have "(1) … supervisory responsibility for the allegedly infringing project, (2) contributed ideas and materials to it, or (3) worked in the same unit as the creators.'"  *Loomis*, 2013 WL 6044345, at *5.  "An inference of access 'requires more than a mere allegation that someone known to the defendant possessed the work in question.'"  *Batts v. Adams*, No. 10-cv-8123, 2011 WL 13217923, at *3 (C.D. Cal. Feb. 8, 2011) (citing *Herzog*, 193 F.3d at 1252).

Plaintiffs do not allege a single fact that supports an inference of access.  They do not allege that Mic Tee (or anyone else who was purportedly provided a copy of Plaintiffs' Song) had ***any*** relationship with the creators of Defendants' Works (much less a "close relationship"); had ***any*** involvement with (much less supervisory responsibility for) Defendants' Works; contributed ***any*** material to Defendants' Works or were physically present with the creators of Defendants' Works during the creative process.[6]  Rather, a charitable read of the Complaint is that Plaintiffs gave their song to someone in the music business who ***might*** have known someone who knows one of the "Defendants" involved in the creation of Defendants' Works, but that Plaintiffs have no idea who that person might be, whether it actually happened, or when it happened.[7]

---

[6] Indeed, given that the alleged delivery of Plaintiffs' song to "Mic Tee" occurred in March 2019, and Defendants' Works were commercially released in early June 2019, this delivery likely occurred after the No Guidance Composition was already written.

[7] In violation of Rule 8's pleading requirements, Plaintiffs improperly lump all Defendants together and fail to allege which specific Defendants allegedly had access to Plaintiffs' Song.  *See Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) (a plaintiff cannot "refer[] to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct").  This is an independent ground for dismissal.  *See Barmapov v. Amual*, 986 F.3d 1321, 1324 (11th Cir. 2021).

Plaintiffs' speculative allegations are far too attenuated to infer a reasonable possibility of access. *See Loomis*, 2013 WL 6044345, at *10 (rejecting claim of access through an intermediary because it was supported only by "Plaintiff's bald assertions, made without personal knowledge, that [an A&R representative] actually worked with" the writers of the song in question); *Watt v. Butler*, 457 F. App'x 856, 860 (11th Cir. 2012) ("assumption that members of the Atlanta rap community share music among themselves" is "too conjectural and speculative" to show access).

Plaintiffs have failed to plausibly allege that any of the creators of Defendants' Works had access to Plaintiffs' Song through either widespread dissemination or a third-party intermediary. Dismissal is required on this basis alone.[8]

### 2. Plaintiffs Have Not Plead Actionable Similarity.

Even if Plaintiffs had adequately alleged access, Plaintiffs' claims should nevertheless be dismissed because they have failed to allege that the two works are "substantially similar."

Copyright protection does not extend to every component of a copyrighted work. Instead, copyright law only protects the plaintiff's protected ***original expression***. *See Oravec*, 527 F.3d at 1224; *Apps*, 283 F. Supp.3d at 952 ("Even if an entire song is copyrighted, copyright protection only extends to those elements of the work that are original to the author.").

Originality is "the *sine qua non* of copyright; accordingly, copyright protection may extend only to those components of a work that are original to the author." *Feist*, 499 U.S. at 348. Within

---

[8] In rare cases, a plaintiff can establish copying without proof of access if they prove that the two works are "strikingly similar." While Plaintiffs utter the conclusion "striking similarity" in their Complaint (*see* ¶¶ 52, 74) – a tacit concession that they cannot plausibly plead access given the obscurity of their song – there is no factual basis for alleging that the two works at issue are "strikingly similar." The striking similarity test is "applied with particular stringency in cases . . . involving popular music." *Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000). "Strikingly similar means that 'the proof of similarity in appearance is so striking that the possibilities of independent creation, coincidence and prior common source are, as a practical matter, precluded.'" *Watt*, 457 F. App'x. at 861-62 (quoting *Selle v. Gibb*, 741 F.2d 896, 901 (7th Cir. 1984)). In other words, the similarities must be of such a nature that the ***only plausible explanation*** for the similarities is copying. Given the generic lyrical phrases at issue herein, Plaintiffs' allegations of "striking similarity" can be swiftly dismissed.

the meaning of copyright law, "original" means that the work was independently created by the author as opposed to copied from other works, and that it possesses some minimal degree of creativity. *Id.* at 345. Consequently, "not all copying is copyright infringement," *id.* at 361, and "parrotry does not always mean piracy," *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994).

The critical inquiry is whether the defendant copied any original element of the plaintiff's work that is protected by copyright law. *Feist*, 499 U.S. at 348, 361. Where, as here, the similarities alleged – common words and lyrical themes – are not copyrightable elements, no claim of infringement has been alleged. *Id.* at 364. Plaintiffs have not alleged that any purported similarities rise to the level of protectable expression required to state a claim for copyright infringement.

> **a.** **The Short, Commonplace Phrases "She Got It" and "You Got It" Are Not Copyrightable as a Matter of Law**.

Plaintiffs' copyright claim is centered around the alleged similarity between a generic phrase contained in both Plaintiffs' Song ("she got it she got it" and "you got it you got it") and in the No Guidance Composition ("you got it girl, you got it ayy, you got it girl, you got it (yeah)"). (Compl, ¶¶ 54, 56.) A side-by-side comparison of the pertinent lyrics are set forth below:

| *Plaintiffs' Song* | *No Guidance* |
|---|---|
| You Got It You Got It | You got it, girl, you got it (Oh, ooh, ayy) |
| You Got It You Got It | You got it, girl, you got it (Got it) |
| I Love Your Dress | |
| You Got It You Got It | |
| You Got It You Got It | |
| I Love Your Dress | |
| I Love Your Dress | |

(The songs' complete lyrics are attached as **Exhibit 1**.)

As an initial matter, the lyrics are not identical. The actual lyric contained in the No Guidance Composition is: "You got it ***girl***, you got it (***ayy***), you got it ***girl***, you got it (***yeah***)"

(emphasis added), while Plaintiffs' Song consists of the words, "You got it You got it" and "She got it, She got it."

In any event, Plaintiffs cannot exercise a monopoly over these words.  Indeed, there is no shortage of case law holding that short, commonplace phrases are not protectable as a matter of law.  *See, e.g., Pickett*, 420 F. Supp. at 207 (phrase "walk it like I talk it" not protectable); *Guity*, 2019 WL 6619217, at *4 (phrase "you're mine" not protectable because it is "too short and generic to meet the required threshold for creativity"); *West*, 138 F. Supp. 3d at 456 (phrase "made in America" not protectable because "[i]t is far too brief, common, and unoriginal to create any exclusive right vested in Plaintiff."), *aff'd*, 669 F. App'x 59 (2d Cir. 2016); *Edwards v. Raymond*, 22 F. Supp. 3d 293, 299 (S.D.N.Y. 2014) (phrase "caught up" not protectable because it "is not original to the Plaintiffs; it is used in everyday speech in a variety of contexts.").[9]

"You got it" and "she got it"  are textbook examples of commonplace, everyday phrases that are not entitled to copyright protection.

> **b.    Plaintiffs Did Not Create the Phrase "You Got It" Which Has Been Used In Countless Prior Musical Works**.

Plaintiffs cannot credibly claim that they coined the phrase "You got it" because this phrase "existed long before []he included it in h[is] song."  *See Pyatt*, 2011 WL 2078531, at *8.  The Court may take judicial notice that a search for the phrase "You got it" with the United States Copyright Office reveals that 911 works have been registered with that phrase in the title, the vast majority of which were registered ***before*** the alleged creation of Plaintiffs' Song.  (*See* **Exhibit 2**).

---

[9] *See also, e.g.*, *Apps v. Universal Music Grp., Inc.*, 763 F. App'x 599, 600 (9th Cir. 2019) (no similarity where "only lyrical commonality between both songs is the phrase "I need to know now" and observing that "[w]ords and short phrases" and "ordinary phrases" "are not copyrightable"); 37 C.F.R. § 202.1(a) ("Words and short phrases such as names, titles and slogans" are not protected by copyright and cannot give rise to an infringement claim); *Woods v. Carter*, 2016 WL 640526, at *3 (N.D. Ill. Feb. 18, 2016) (if musicians could sue one another for copyright infringement based only on the usage of general words, the courts would overflow with copyright infringement suits).

In fact, the phrase has been repeatedly used in popular songs that predate Plaintiffs' Song, including:

- Roy Orbison's "You Got It" (1989) (repeating "you got it" 17 times);[10]
- Jodeci's "You Got" (1993) (repeating "you got it" 22 times);
- Usher's "U Got It Bad" (2001) (repeating "you got it" 24 times);
- 2 Pistols' "She Got It" (2008) (repeating "she got it" 37 times); and
- Ariana Grande's "Right There" (repeating "You got it, you got it" 7 times).[11]

Plaintiffs do not own the phrase "you got it" and cannot stop others from using it in their works. *See Lil' Joe Wein Music, Inc.*, 245 F. App'x at 877-79 (holding that "Go ____, it's your birthday" was not protectable "because it uses a common musical and lyrical phrase that has been used in other prior works"); *Cortes v. Universal Music Latino*, 477 F. Supp. 3d 1290, 1294, 1299 (S.D. Fla. 2020) (phrases such as, "your problems ('forget them')," "Gently next to me," and "Candy in your ears," are not protected because they are common expressions and cliches that had appeared in the lyrics of other popular songs); *Pickett*, 420 F. Supp. 3d at 207 (granting dismissal and taking judicial notice of 32 instances of prior use of the term "'walk it like I talk it,'"); *West*, 138 F. Supp. 3d at 456 (granting dismissal and observing that phrase "Made in America" "is a well-known part of the national vernacular"); *Peters v. West*, 692 F.3d 629, 631 (7th Cir. 2012) (affirming dismissal where the phrase "what does not kill me, makes me stronger" "has been repeatedly invoked in song lyrics over the past century").

---

[10] Roy Orbison's "You Got It" was a top 10 hit that has been streamed over 138 million times on Spotify.  It became a hit again in 1995, when Bonnie Raitt recorded a new version of the song.

[11]  *See*  https://genius.com/Roy-orbison-you-got-it-lyrics;  https://genius.com/Jodeci-you-got-it-lyrics; https://genius.com/Usher-u-got-it-bad-lyrics; https://genius.com/2-pistols-she-got-it-lyrics; https://genius.com/Ariana-grande-right-there-lyrics.  Courts are permitted take judicial notice of generic, unprotectable elements of creative works.  *See, e.g., Woods v. Carter*, 2016 WL 640526, at *2 (taking judicial notice that "references to Rolls Royce cars are relatively common in popular music in general and hip hop in particular"); *Willis v. Home Box Office*, No. 00-cv-2500, 2001 WL 1352916, at *2 (S.D.N.Y. 2001) ("It does not strain the concept of judicial notice to observe that books, movies and television series are full of such unethical men and woman in a variety of businesses.").

### c.      Lyrical Themes Are Not Copyrightable.

Plaintiffs allege that "the theme of the lyrics, relating to an attractive woman working hard, are very similar." (Compl. ¶ 57). As an initial matter, the theme of an attractive hardworking woman is hardly original to Plaintiffs. This same theme has been the subject of countless songs, including Leslie Gore's 1963 song, "You Don't Own Me," Donna Summer's 1983 hit, "She Works Hard for Her Money," and Destiny's Child's 2000 hit, "Independent Women."

In any event, it is blackletter law that lyrical themes are not copyrightable. *See Linares v. Chirino*, No. 05-cv-21871, 2006 WL 8432038, at *3 (S.D. Fla. Sept. 27, 2006) ("the Eleventh Circuit has repeatedly recognized that popular music can share general, common themes which frequently appear in many compositions, and which are not original and entitled to copyright protection"); *Guity*, 2019 WL 6619217, at *4 ("the themes at issue in the Guity Song, love and desire, are the exact type of broad themes that lie beyond copyright's protection").

Plaintiffs do not own the theme of an attractive, hardworking woman and cannot use this Court to stop others from using this theme in their works.

### d.      Commonplace Musical Elements Are Not Protectable.

Plaintiffs also vaguely assert that the songs have similar, unidentified "beat[s]," "beat patterns," "rhythmic structure," "metrical placement," "primary scale degrees," "melodies," and "distinctive sound effect[s]." (*See* Compl. ¶¶ 4-6, 52, 55). However, Plaintiffs conspicuously fail to identify these supposed similarities, much less how these elements are either original to Plaintiffs or actionably similar to the Defendants' Works. This is a critical pleading failure, as "courts have routinely denied copyright protection" for "commonplace elements of music." *Gray v. Perry*, No. 2:15-cv-05642, 2020 WL 1275221, at *6-7 (C.D. Cal. Mar. 16, 2020) (collecting cases denying copyright protection for nine different elements of music).[12]

---

[12] *See also Davis*, 2012 WL 12868729, at *4 ("harmonic progressions often lack the originality necessary to be copyrightable without an additional showing of uniqueness"); *Rose v Hewson,* No. 17-cv-1471, 2018 WL 626350, at *7 (S.D.N.Y. Jan. 30, 2018) ("general rhythmic style" not protectable); *West*, 138 F. Supp. 3d at 458 (a "rhythm's style or general feel [are] both

Moreover, even "where a work relies on the compilation or arrangement of unprotectible elements, it is only eligible for copyright protection 'if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.'" *Threeline Imports, Inc. v. Vernikov*, 15-cv-02333, 2016 WL 11472749, at \*13 (E.D.N.Y. Oct. 28, 2016) (quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003)). "[T]he bar for copyrightability due solely to selection and arrangement is quite high." *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.,* 808 F. Supp. 2d 542, 552 n.3 (S.D.N.Y. 2011). Indeed, it would undermine the purpose of the Copyright Act to grant copyright protection to simple combinations of unprotectable elements. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1068 (2d Cir. 1988) ("we are mindful of the limited number of notes and chords available to composers and the resulting fact that common themes frequently reappear in various compositions, especially in popular music").

Additionally, the copyright in a "combination" "of otherwise uncopyrightable elements" is "thin." *Odegard Inc. v. Safavieh Carpets, Inc.*, 398 F. Supp. 2d 275, 279 (S.D.N.Y. 2005). Infringement in such cases "will be established only by ***very close*** copying because the majority of the [plaintiff's] work is unprotectable." *Beaudin v. Ben & Jerry's Homemade, Inc.*, 95 F.3d 1, 2 (2d Cir. 1996) (emphasis added); *see also Peters v. West*, 776 F. Supp. 2d 742, 750-51 (N.D. Ill. 2011), *aff'd*, 692 F.3d 629 (7th Cir. 2012) (dismissing claim since, even assuming plaintiff's song qualified for protection due to its "combination of unprotectible elements," the defendant's song did "not use the contested combination of unprotectible elements … in their entirety in a nearly identical format"). In other words, where a plaintiff "seeks to apply [the selection and arrangement] theory of protection to 'works where there is a narrow range of available creative choices, the defendant's work would necessarily have to be '***virtually identical***' to the plaintiff's work in order to be substantially similar." *Gray*, 2020 WL 1275221, at \*3 (emphasis added) (quoting *Skidmore*,

---

uncopyrightable"); *Lane*, 2015 WL 6395940, at \*5 ("meter and tempo" and "common rhythms [and] song structures" not protectable); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1070 (9th Cir. 2020) (en banc) ("'[A] musical building block . . . is something that no one can possibly own.'").

952 F.3d at 1076 n.13).  Because Plaintiffs fail to plausibly allege that the Defendants' Works copy a sufficiently numerous "combination" of unprotectable elements in Plaintiffs' Song in a virtually identical manner, they have failed to allege substantial similarity between the two works at issue.

Even assuming *arguendo*, that Plaintiffs had alleged a modicum of similarity of **protectable expression** between Plaintiffs' Song and Defendants' Works (which they have not) and the Court were to examine the works as a whole, this Court could still determine on this motion that no substantial similarity exists between the two works at issue as a matter of law.  *See Peter F. Gaito Architecture, LLC*, 602 F.3d at 64.  "Two works are not substantially similar as a matter of law if 'the similarity between two works concerns only non-copyrightable elements of the plaintiff's work, or [if] no reasonable jury, properly instructed, could find that the two works are substantially similar.'"  *Hewson*, 2018 WL 626350, at *3 (quoting *Peter F. Gaito Architecture, LLC*, 602 F.3d at 63); *Lil' Joe Wein*, 245 F. App'x. at 877 (examining whether "an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.").  Courts are guided by a comparison of the "total concept and overall feel" of the two songs "as instructed by [its] good eyes and common sense ...".  *Edwards*, 22 F. Supp. 3d at 300-01 (quoting *Peter F. Gaito Architecture, LLC*, 602 F.3d at 66).

Here, any average listener would recognize that the songs differ vastly in total concept and feel.  Plaintiffs' Song is a slow R&B love ballad featuring one vocalist (Cooper).  (*See* Compl. ¶ 39).  In contrast, "No Guidance" is a faster, more aggressive, sexually explicit rap and R&B song about a new romantic interest featuring two vocalists (Brown and Drake).  (*See* Ex. 1 ("Before I die I'm tryna f*ck you, baby, Hopefully we don't have no babies")).  While Plaintiffs' Song is an ode to the singer's wife (*see* Compl, ¶ 39), Defendants' Works are a brash declaration regarding a desired sexual liaison ("I don't wanna play no games, play no games/F*ck around, give me your last nam.").  These stark differences support a finding of non-infringement.  *See West*, 138 F. Supp. 3d at 460 (granting dismissal where "Plaintiff's song has a single vocalist, while Defendants' song features multiple artists and significant spoken rap"); *Lane*, 2015 WL 6395940, at *7 (granting

dismissal where two works differ in feel because plaintiff's lyrics "are explicitly sexual, while [Beyonce's] XO's are substantially more tame and metaphorical").

The Court can hear for itself that the two songs are vastly different. *See West*, 138 F. Supp. 3d at 460 ("Listening to the two tracks side by side demonstrates beyond dispute how little they have in common."). Because no "average observer" would determine that Plaintiffs' Song is appropriated by Defendants' Works, Plaintiffs' infringement claims fail the intrinsic test for copyright infringement. Consequently, Plaintiffs' claims under the federal Copyright Act (Counts II-IV) should be dismissed with prejudice.

**3.    Plaintiffs' Common Law Claims Are Preempted by the Copyright Act**.

Plaintiffs' claims for common law copyright infringement (Count I) and unjust enrichment (Count VI) must be dismissed because they are preempted. The Copyright Act preempts:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103.

17 U.S.C. § 301(a); *see also Utopia Provider Systems, Inc. v. Pro-Med Clinical Systems, LLC*, 596 F.3d 1313, 1325 (11th Cir. 2010).

To determine whether a state law claim is preempted by the Copyright Act, the Eleventh Circuit has adopted the "extra element" test. *See Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1549 (11th Cir. 1996). In applying this test, the Court must determine whether the state law claim contains an extra element for recovery that "changes the nature of the action so that it is qualitatively different from a copyright infringement claim." *Id.*

Here, Plaintiffs' common law claims are preempted because they are not qualitatively different than the Copyright Act claims. In fact, according to Plaintiffs, the unjust enrichment claim is simply "[b]ased on the facts described herein." (Compl. ¶ 122). Because no "extra element" is present, the unjust enrichment claim is preempted. *See Psychic Readers Network, Inc. v. Take-Two Interactive Software Inc.*, No. 17-cv-61492, 2018 WL 1517690, at *3 (S.D. Fla. Feb.

5, 2018) (unjust enrichment claim preempted because it was identical to copyright infringement claim); *Ross v. Apple, Inc.*, No. 16-cv-61471, 2016 WL 8808769, at *5 (S.D. Fla. Dec. 30, 2016) (same); *Ritchie v. Williams*, 395 F.3d 283, 285-87 (6th Cir. 2005) (unjust enrichment claim to recover income derived from songs was preempted by Copyright Act).

Plaintiffs' common law copyright infringement claim fares no better. The Copyright Act's "express objective" is to create a "national, uniform copyright law by ***broadly pre-empting state . . . common-law copyright regulation***." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 740 (1989) (emphasis added) (citing 17 U.S.C. § 301(a)). To that end, subject to limited exceptions – none of which exist here – "the state doctrine of common law copyright has been largely preempted by federal copyright law[."] *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, 827 F.3d 1016, 1019 (11th Cir. 2016). Plaintiffs' common law copyright claims are, therefore, subject to dismissal as well. *See Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1289 (11th Cir. 2011) (noting that the district court dismissed common law copyright infringement claim on preemption grounds).

**4.    Plaintiffs Fail to State a Claim for Accounting.**

Finally, the Court should dismiss Plaintiffs' claim for accounting (Count V) because it is a remedy, not a separate cause of action. *See Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1310 n. 21 (11th Cir. 2014) ("an accounting is best understood as a remedy for a cause of action, not as a cause of action in its own right"); *GlobalOptions Services, Inc. v. N. Am. Training Group, Inc.*, 131 F. Supp. 3d 1291, 1302 (M.D. Fla. 2015) (dismissing accounting claim without prejudice to "plead it as a remedy for the appropriate causes of actions").

## CONCLUSION

For all of the reasons explained above, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

Dated:  January 11, 2022        Respectfully submitted,

**PRYOR CASHMAN LLP**

By:      <u>/s/  *James G. Sammataro*</u>

James G. Sammataro
Florida Bar No. 520292
Brendan Everman
Florida Bar No. 68702
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3007
Facsimile: (786) 582-3004
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

&

Ilene Farkas (admitted *pro hac vice*)
7 Times Square, Suite 4000
New York, New York 10036
Telephone: (212) 326-0181
ifarkas@pryorcashman.com
*Attorneys for Defendants*