UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-81870-RUIZ

BRAINDON N. COOPER *a/k/a* MR COOPER, et al.,

    Plaintiff,

v.

CHRIS BROWN ENTERTAINMENT, LLC *d/b/a*
CHRISTOPHER BROWN ENTERTAINMENT, LLC.,
et al.

    Defendants.
_____/

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

In an attempt to avoid dismissal, Plaintiffs[1] urge this Court to ignore the *Twombly* pleading standard, abandon its gatekeeping function, disregard plain Eleventh Circuit precedent, and allow their implausible copyright infringement claims to proceed to costly discovery. Under well-settled precedent, this Court can compare the two songs for itself and dismiss Plaintiffs' copyright infringement claims for failure to adequately plead both access and substantially similarity.

*First*, Plaintiffs fail to plausibly allege that Defendants accessed Plaintiffs' Song. This is not a close call. The most that Plaintiffs can muster is that their Song was available for "a few months" on the Internet and that Cooper publicly performed the Song – *once* – in Miami in front of "many people." Yet, posting a song on the Internet (such that the song is 1 out of 82 million songs on Spotify or posted by one of Instagram's 1 billion users) and a one-time public performance do not constitute widespread dissemination as a matter of law. Similarly, sharing the

---

[1] All capitalized terms are used as defined in the Motion to Dismiss ("Motion") (ECF No. 30).

work with an alleged representative from a *competing* record label who supposedly suggested taking a trip to Toronto does not sufficiently allege access through a third-party intermediary.

***Second***, with respect to substantial similarity, Plaintiffs concede (as they must) that they do not own any rights in the lyrical phrases "she got it" and "you got it." Plaintiffs also concede they do not own any rights to commonplace, unoriginal musical elements or the lyrical theme of an attractive woman working hard. Instead, Plaintiffs effectively attempt to amend their Complaint by claiming, for the first time, that Defendants copied a "combination" of unprotectable elements. But Plaintiffs fail to plead sufficient facts to infer that those unprotectable elements are ***numerous enough*** or that their selection and arrangement are ***original enough*** to constitute an original work of authorship. Plaintiffs offer legal conclusions, not facts. The allegations of substantial similarity are as vague and conclusory as the allegations of access. Both fall woefully short of meeting basic pleading standards. Further, this Court can –as court frequently do at the dismissal stage – hear for itself that these two songs are so different that dismissal is mandated.

Plaintiffs' state law claims are equally deficient. Plaintiffs' claims for common law copyright infringement and unjust enrichment are plainly preempted by the Copyright Act and must be dismissed as a matter of unmistakable law. Moreover, accounting is a remedy that must be tethered to an independent cause of action. Accordingly, the Complaint should be dismissed in its entirety with prejudice.

## ARGUMENT

A.   **Plaintiffs Fail to State a Claim for Copyright Infringement**.

   1.   **Access is Properly Decided at the Dismissal Stage**.

Plaintiffs' Opposition argues that access simply cannot be decided on a motion to dismiss. (*See* Opp. at 10-13). This is a gross misstatement of the law. Even at the pleading stage, a plaintiff

must allege sufficient facts to support a reasonable inference, "above a speculative level," that defendants accessed plaintiff's work. *Clay v. Cameron*, 10-cv-22203, 2011 WL 13220504, at *2 (S.D. Fla. Oct. 20, 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[The] failure to plead access . . . can be an appropriate ground for dismissal." *Brandon v. New Power Generation*, No. 15-cv-22738, 2017 WL 1437560, at *7 n.6 (S.D. Fla. Apr. 3, 2017) (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1247-48 (11th Cir. 1999)). Following this precedent, Courts in this District routinely dismiss complaints, with prejudice, for failure to allege access. *See id.* at *7; *Cynthia Clay, v. Cameron*, 10-cv-22203, 2012 WL 13008429, at *2 (S.D. Fla. Apr. 6, 2012).[2]

### a. Plaintiffs Fail to Allege Widespread Dissemination.

Plaintiffs fail to sufficiently plead access through widespread dissemination. Plaintiffs cite no authority for the proposition that simply posting a copyrighted work on the Internet (*see* Compl. ¶¶ 38, 43-45) is sufficient to allege widespread dissemination. Instead, to state a claim, a plaintiff must allege "specific facts" suggesting that plaintiff's work reached a "wide audience" on the Internet. *See Dixon v. Sony Corp. of Am.*, No. 12-cv-60160, 2012 WL 1886550, at *3 (S.D. Fla. May 23, 2012) (citing *Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009)).

The Complaint fails to allege *any* facts about the number of people who accessed Plaintiffs' Song on the Internet before Defendants created the No Guidance Composition. This omission is fatal. *See Clay v. Cameron*, 10-cv-22203, 2012 WL 13008429, at *2 (S.D. Fla. Apr. 6, 2012)

---

[2] *See also* Mot. at 8-9 (citing cases); *Mintz v. Subaru of Am., Inc.*, 716 F. App'x 618, 621 (9th Cir. 2017) (affirming dismissal where plaintiff "d[id] not plead sufficient facts" to "plausibly allege" access); *Tate-Robertson v. Walmart, Inc.*, No. 19-cv-00027, 2019 WL 6448960, at *4 (C.D. Cal. May 16, 2019) ("courts frequently dismiss copyright infringement claims for failure to allege facts that make it plausible a defendant had access to the allegedly copied work").

(rejecting allegations of widespread dissemination based on the work being "available on the Internet"); *see also* Mot. at 9-10 (citing cases).[3]

Moreover, the allegation that Cooper performed Plaintiffs' Song in Miami once (*see* Compl. ¶¶ 40-42) is insufficient to infer access because Plaintiffs do not allege that Defendants were among the "many people" who attended the performance. *See Benson v. Coca-Cola Co.*, 795 F.2d 973, 975 (11th Cir. 1986) (finding no "access" as a matter of law where plaintiff alleged only that he performed his song for the public and there was no evidence or allegation that the defendant's songwriters attended any of plaintiff's concerts); *Apps v. Universal Music Group, Inc.*, No. 2:16-cv-01132, 2018 WL 10455903, at *5 (D. Nev. Apr. 27, 2018) (finding no widespread dissemination as a matter of law where plaintiff performed song at nightclubs but was unable to establish how many people came to shows).[4]

Plaintiffs' allegations of widespread dissemination are inadequate as a matter of law.

      **b.** **Plaintiffs Fail to Plausibly Allege Access Through a Third-Party Intermediary**.

Plaintiffs' allegations are also insufficient to allege access through a third party. It is well-settled that "an 'inference of access based on a third party's possession of the plaintiff's work requires more than a mere allegation that someone known to the defendant possessed the work in question.'" *Herzog*, 193 F.3d at 1252. Here, Plaintiffs do not even allege that Defendants know Mic Tee. Nor do Plaintiffs allege that Mic Tee gave Defendants a copy of Plaintiffs' Song or that Mic Tee had any involvement in the creation of No Guidance. Plaintiff's theory of access through

---

[3] This omission also distinguishes this case from *Kelly Tracht, LLC v. Dazzle Up, LLC*, No. 17-cv-80434, 2017 WL 4681329, (S.D. Fla. Oct. 18, 2017), where the plaintiff actually alleged the number of Internet sales and web page "admirers" of her distinctive turtle imagery. *See id.* at *1.

[4] Although these two cases were decided after discovery, Plaintiffs do not need discovery to allege the number of people who attended the performance or whether Defendants were in attendance.

Mic Tee is purely conjectural and speculative. *See Clay*, 2012 WL 13008429, at *3 (the complaint "falls woefully short of alleging access" because it fails to allege that defendants "knew or did business with the third parties who allegedly circulated Plaintiff's work"); *Brandon v. New Power Generation*, No. 15-cv-22738, 2017 WL 1437560, at *7 (S.D. Fla. Apr. 3, 2017) (dismissing complaint for failure to adequately allege access where plaintiff allegedly shared copyrighted work with third parties but not defendants); *Hill v. Gaylord Entm't*, No. 07-cv-60745, 2008 WL 115441, at *4 (S.D. Fla. Jan. 9, 2008) (same).

Plaintiffs' allegation that Mic Tee suggested that Cooper travel to Toronto, Drake's "original hometown" (Compl. ¶ 48 n.1), is insufficient to permit an inference of access. By Plaintiffs' own account, Drake has resided in California since 2014. (*See* ECF No. 25-1 ¶¶ 31-44). In any event, there is no allegation that Cooper went to Toronto, and it is implausible to assume that every musician in Toronto collaborates and shares music with Drake. *See Watt v. Butler*, 457 F. App'x 856, 860 (11th Cir. 2012) ("assumption that members of the Atlanta rap community share music among themselves" is "too conjectural and speculative" to show access).

Similarly, Plaintiffs' allegation that Brown was filming a movie with "Birdman," who founded a company (AMAG Collective) that Mic Tee was "associated with" (Compl. ¶ 47-50), is insufficient to infer access because there is no allegation that Defendants are affiliated with AMAG Collective and there is no overlap between the subject matter of Brown's film (*She Ball*) and the disputed song. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) ("the dealings between the plaintiff and the intermediary and between the intermediary and the alleged copier must involve some overlap in subject matter to permit an inference of access").[5]

---

[5] While the Court must construe all reasonable inferences in favor of Plaintiffs, it may also consider "'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful

Because Plaintiffs fail to adequately allege access through widespread dissemination or a third-party intermediary, the Court should proceed no further and dismiss the Complaint.

2.  **Plaintiffs Fail to Plausibly Allege Actionable Similarity**.

Plaintiffs' copyright infringement claims should also be dismissed for another, independent reason – Plaintiffs have failed to allege substantial similarity of protected expression.

   a.  **Eleventh Circuit Precedent Provides that Substantial Similarity is Properly Decided on a Motion to Dismiss**.

As an initial matter, Plaintiffs incorrectly assert that the issue of substantial similarity cannot be decided at the dismissal stage because it requires expert testimony. (*See* Opp. at 14-16). This, too, is a material misstatement of the law.  "[I]n the Eleventh Circuit, it is appropriate for this Court to determine whether the works are substantially similar and, therefore, whether Plaintiff can plausibly demonstrate entitlement to relief, in connection with [a] Motion to Dismiss." *Sieger Suarez Architectural Partnership, Inc. v. Arquitectonica Intern. Corp.*, 998 F. Supp. 2d 1340, 1350 (S.D. Fla. 2014) (collecting cases).  The Eleventh Circuit is not alone, as courts from around the country frequently decide the issue of substantial similarity in music cases at the dismissal stage. *See, e.g., Pickett v. Migos Touring, Inc.,* 420 F. Supp. 3d 197, 208 (S.D.N.Y. 2019); *see also* Mot. at 13-16 (citing numerous cases).  This Court can (and should) find that "No Guidance" is not substantially similar to Plaintiffs' Song.

   b.  **Plaintiffs Concede that Common Phrases, Lyrical Themes, and Musical Elements Are Not Actionable**.

Defendants' Motion explains that the following unoriginal elements of Plaintiffs' Song are not copyrightable as a matter of law: (1) the phrases "she got it" and "you got it"; (2) the lyrical

---

conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)).

theme of an attractive woman working hard; and (3) commonplace musical elements. (*See* Mot. at 13-16). Plaintiffs conspicuously fail to address Defendants' arguments in their Opposition. This omission is unsurprising, as there is no credible rebuttal. Copyright law is clear. These elements of Plaintiffs' Song, standing alone, cannot support an infringement claim.

        **c.**    **Plaintiffs Fail to Plausibly Allege Infringement Through Selection and Arrangement of Non-Copyrightable Elements**.

In their Opposition, Plaintiffs pivot and argue that they have nonetheless sufficiently alleged substantial similarity based on a ***combination*** of unprotected elements. (*See* Opp. at 16-18). Plaintiffs are, once again, wrong. To state a claim for copyright infringement based on a selection and arrangement of a combination of unprotected elements, the complaint must: (1) identify ***which*** musical elements have been selected, arranged and combined by plaintiff; and (2) allege that those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. (*See* Mot. at 17). Plaintiffs fail on both accounts.

***First***, the Complaint fails to identify any specific musical elements, offering nothing more than insufficient ***labels and bare legal conclusions***. Plaintiffs opaquely allege that the two songs possess similar, but unidentified, "beat[s]," "beat patterns," "rhythmic structure," "metrical placement," "primary scale degrees," "melodies," and "distinctive sound effect[s]." (*See* Compl. ¶¶ 4-6, 52, 55). There is not a single fact – much less the "sufficient factual matter" mandated by *Iqbal* and *Twombly* – supporting these conclusory allegations. Missing from the Complaint is an identification of ***which*** beats, ***which*** beat patterns, ***what*** rhythmic structure, ***which*** scales, and ***which*** melodies. Nor do Plaintiffs allege how these musical elements are original to Plaintiffs or how they were allegedly copied by Defendants. Courts routinely find that these types of conclusory, non-specific allegations of substantial similarity cannot survive dismissal. *See Edwards v.*

*Raymond*, 22 F. Supp. 3d 293, 300 (S.D.N.Y. 2014) (dismissing infringement claim where plaintiff merely alleged that "[t]he theme, melody, hook, lyrics, and chorus of the musical compositions are substantially similar" was nothing more than "a bare legal conclusion"); *McDonald v. West*, 138 F. Supp. 3d 448, 458 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016) (finding that merely alleging substantial similarities in each song's "shuffling percussion" was "too vague" to meet plaintiff's pleading burden).[6]

**Second**, the Complaint fails to allege how these unprotectable elements (such as the unprotectable phrase "you got it") were selected or arranged in an original fashion or that Defendants copied a sufficiently numerous "combination" of these unprotectable elements. "[W]here a work relies on the compilation or arrangement of unprotectible elements, it is only eligible for copyright protection 'if those elements are ***numerous enough*** and their ***selection and arrangement original enough*** that their combination constitutes an original work of authorship." *Threeline Imports, Inc. v. Vernikov*, 15-cv-02333, 2016 WL 11472749, at *13 (E.D.N.Y. Oct. 28, 2016) (emphasis added) (quoting *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003)). Even then, copyright is "thin." The Complaint falls well short of meeting that standard. In fact, it alleges only that: "All of the elements of [Plaintiff's Song], and the creative selective and combination of those elements, are original." (Compl. ¶ 81). This legal conclusion is plainly insufficient.

Plaintiffs also argue that the Complaint satisfies the "intrinsic" test for substantial similarity because it includes the conclusory allegation that "non-expert" listeners believe that Defendants

---

[6] *See also Lyles v. Cap.-EMI Music Inc.*, No. 2:12-CV-00751, 2013 WL 6000991, at *5-6 (S.D. Ohio Nov. 12, 2013) (dismissing infringement claim where plaintiff alleged that the songs have "very similar main vocal melody . . . as well as a similar chord structure theme"); *Evans v. NBCUniversal Media, LLC*, No. 21-cv-0984, 2021 WL 4513639, at *4 (C.D. Cal. Sept. 30, 2021) (rejecting conclusory allegations of substantial similarity, including that defendants' film copies "the title and medium of the screenplay, dialogue, structure, themes, choices of shots, camera, angles, colors, lighting, textual descriptors, and other artistic and expressive elements").

"copied" Plaintiffs' Song. (*See* Opp. at 14-15 (citing Compl. ¶ 56)). But if this allegation were sufficient to survive dismissal, no infringement claim would ever be dismissed. Instead of relying on conclusory allegations of similarity, this Court can listen to the songs and determine for itself whether an ordinary listener could reasonably find that the total concept and feel of the two works are substantially similar as a matter of law. (*See* Mot. at 18-19).

No amount of expensive discovery is going to change the two songs. Because Plaintiffs fail to adequately allege either access *or* substantial similarity (under either the extrinsic or intrinsic tests), Plaintiffs' claims under the federal Copyright Act (Counts II-IV) should be dismissed.

**B.      Plaintiffs Fail to State Any Common Law Claims**.

Plaintiffs' state law claims (common law copyright infringement, unjust enrichment, and accounting) do not fare any better. Indeed, even if Plaintiffs' federal copyright infringement claims survive dismissal (which they should not), the state law claims should be dismissed.

Notably, Plaintiffs fail to cite *any* authority supporting their common law copyright infringement claim (Count I). Plaintiffs' reliance on *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019) is misplaced because that case has nothing to do with claims for *common law* copyright infringement, which are plainly preempted by the Copyright Act. *See Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., LLC*, No. 8:10-cv-2680, 2012 WL 33150, at *4 (M.D. Fla. Jan. 6, 2012) ("federal law preempts common law copyright claims"); 1 Nimmer on Copyright § 2.02 (2021) ("By virtue of federal preemption, common law copyright has ended as of January 1, 1978[.]"); *see also* Mot. at 20 (citing cases).

For the unjust enrichment claim (Count VI), Plaintiffs cite a single outlier case for the proposition that an unjust enrichment claim is not preempted by the Copyright Act because it includes the extra elements of conveyance and acceptance. (Opp. at 18-19 (citing *Jaggon v. Rebel*

*Rock Ent., Inc.*, No. 09-cv-61144, 2010 WL 3468101, at *3 (S.D. Fla. Sept. 1, 2010)).  However, the overwhelming weight of authority holds that unjust enrichment claims are preempted by the Copyright Act and that *Jaggon* was erroneously decided.  *See* Mot. at 19 (citing cases); *see also* 1 Nimmer on Copyright § 1.15 (2021) ( "a state-law cause of action for unjust enrichment . . . should be . . . preempted insofar as it applies to copyright subject matter" and decisions denying preemption are "in error" because "[a]n infringer always 'accepts' the benefit of the copyrighted work"); 6 Patry on Copyright § 18:51 (2021) ("typical unjust enrichment claims are preempted because they are mere attempts to state a claim for damages for unauthorized copying").

Finally, in an attempt to salvage their accounting "claim" (Count V), Plaintiffs misleadingly omit the following quoted language from their Opposition: "an action for an accounting is a separate and distinct cause of action ***that may be available where a fiduciary duty exists***."  *Compare* (Opp. at 19) *with Cassedy v. Alland Investments Corp.*, 128 So. 3d 976, 978 (Fla. 1st DCA 2014) (emphasis added).  Of course, Plaintiffs do not (and cannot) allege the existence of a fiduciary duty.  Under these circumstances, Florida law is clear that an accounting is a remedy, not a cause of action.  *See* Mot. at 20 (citing cases); *Becker v. Davis*, 491 F.3d 1292, 1305 (11th Cir. 2007) ("[A]n accounting is a remedy attached to a separate independent cause of action."); *Johnson v. Pullman, Inc.*, 845 F.2d 911, 913 (11th Cir. 1988) (accounting is "not . . . available here absent some independent cause of action.").

Like their Copyright Act claims, all of Plaintiffs' state law claims should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

Dated: March 11, 2022

Respectfully submitted,

**PRYOR CASHMAN LLP**

By:  /s/ *James G. Sammataro*

James G. Sammataro
Florida Bar No. 520292
Brendan Everman
Florida Bar No. 68702
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3007
Facsimile: (786) 582-3004
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

&

Ilene S. Farkas (admitted *pro hac vice*)
7 Times Square, Suite 4000
New York, New York 10036
Telephone: (212) 326-0181
ifarkas@pryorcashman.com
*Attorneys for Defendants*