UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-81870-RAR

BRAINDON N. COOPER *a/k/a* MR COOPER,
et al.,

    Plaintiffs,
v.

CHRIS BROWN ENTERTAINMENT, LLC *d/b/a*
CHRISTOPHER BROWN ENTERTAINMENT, LLC,
et al.

    Defendants.
_____/

**DEFENDANT 1DAMENTIONAL PUBLISHING, LLC'S**
***UNOPPOSED* MOTION TO SET ASIDE CLERK'S DEFAULT**

Pursuant to Federal Rule of Civil Procedure 55(c), defendant, 1Damentional Publishing, LLC ("1Damentional") hereby files this ***unopposed*** motion to set aside the clerk's default entered against it on April 29, 2022. (D.E. 63). Counsel for the plaintiffs Braindon N. Cooper, Timothy L. Valentine and Signature Seriez Entertainment, Inc. (collectively, "Plaintiffs") do not oppose 1Damentional's motion, as the alleged service on which the Clerk's Default is based, was defective.

**INTRODUCTION**

Default judgments are a drastic remedy, not favored by the Federal Rules of Civil Procedure, and resorted to only in extreme situations. No such circumstance exists in this case. 1Damentional's failure to respond to Plaintiffs' Complaint is not the result of negligence, culpable conduct, or bad faith. Instead, the alleged delay in 1Damentional's response is attributable solely to its lack of actual notice of this litigation. The purported service on 1Damentional was made by furnishing the summons and complaint with Georgia Secretary of State. (*See* D.E. 59-1). 1Damentional was, however, administratively dissolved in Georgia in ***2012***, and did not receive

any notification from the Georgia Secretary of State. (Attached hereto as **Exhibit 1** is a true and correct copy of Certificate of Administrative Dissolution, dated September 9, 2012). 1Damentional further disputes that service through the Georgia Secretary of State is invalid and contends it was under no legal obligation to respond to the Complaint.[1] Regardless, on April 29, 2022 – the same day that the Clerk entered default – counsel for 1Damentional agreed to voluntarily accept service of process. (D.E. 64). The executed Waiver of Service of Summons ("Service Waiver") was filed mere minutes after the Clerk's entry of default. (D.E. 63).

Good cause exists to set aside the default for three (3) reasons. *First*, 1Damentional contests the sufficiency of the alleged service and submits that the Clerk's Default should have never been entered. *Second*, 1Damentional has acted promptly in moving to set aside the default an has, in good faith, agreed to the Service Waiver. *Third*, 1Damentional has a meritorious defense, as described in the motion to dismiss briefing. (D.E. 30). Taken together, good cause exists. Consequently, the Court should set aside the default under Fed. R. Civ. P. 55(c).

## MEMORANDUM OF LAW

### A.      The Applicable Standard

A motion to set aside a default rests in the Court's sound discretion. The Court is to apply a liberal standard, as defaults are disfavored given the strong policy of deciding cases on their merits. *See Marchauser v. Travelers Indem. Co.*, 145 F.R.D. 605, 610 (S.D. Fla. 1992); *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316–17 (11th Cir. 2002) (default judgments are "a drastic remedy which should be used only in extreme situations"); *Gulf Coast Fans, Inc. v. Midwest Elec. Imps., Inc.*, 740 F.2d 1499, 1511 (11th Cir. 1984) ("We do note that because of the strong policy of determining cases on their merits, defaults are seen with disfavor.")

---

[1] Plaintiffs maintain that service was properly effectuated.

(citations omitted); *see also Go Relax Travel, LLC v. Process America, Inc.*, 2012 WL 13014700, at *2 (S.D. Fla. July 13, 2012) ("the legal system is better served by allowing [a] defendant to present the merits of its case"). Consequently, as a general rule, "any doubts as to whether a party is in default should be decided in favor of the defaulting party." *Marchauser*, 145 F.R.D. at 610. Here, there are no viable doubts that 1Damentional should not be held in default. *See Jones v. Harrell*, 858 F.3d 667, 669 (11th Cir. 1988) (noting that the movant must only make a "bare-minimum showing").

The Court's discretion is to be exercised in conjunction with Rule 55(c) of the Federal Rules of Civil Procedure, which governs the procedure for setting aside defaults. The Rule permits a default to be set aside where "good cause" exists. While "good cause is not susceptible to a precise formula but rather varies from situation to situation," courts assessing good cause generally consider four factors: (1) whether the defaulting party acted promptly; (2) whether the default was culpable or willful; (3) whether the defaulting party would have a meritorious defense; and (4) whether the default would result in prejudice to the non-defaulting party. *See Mace Sec. Int'l, Inc. v. Mobile Dynamic Mktg., Inc.*, 2019 WL 6038499, at *2 (M.D. Fla. Oct. 21, 2019) (citing *Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) *and Compania Interamericana Export-Import, S.A. v. Compania Dominicana*, 88 F.3d 948, 951 (11th Cir. 1996) (describing "good cause" as a "mutable standard"); *see also S.E.C. v. Johnson*, 436 F. Appx 939, 945 (11th Cir. 2011).

These factors are guidelines and not "talismanic." *Compania Interamericana*, 88 F.3d at 951. Consequently, courts may consider an array of other factors, including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (citation omitted).

Irrespective of the exact factors considered, the ultimate objective is whether the defaulting party can present "good cause" under Rule 55(c). 1Damentional meets this standard under any test employed by the Court.

B. **All Factors Required to Vacate the Clerk's Default are Present**

  1. **1Damentional Acted Promptly to Vacate the Default**.

Plaintiffs moved for the entry of a Clerk's Default on April 29, 2022. Within hours, the Clerk entered default against 1Damentional. (*See* D.E. 63). That same day, 1Damentional's counsel contacted Plaintiffs' counsel, advised that the alleged service was defective, and agreed to voluntarily accept service on 1Damentional's behalf. The parties' executed the Service Waiver. (D.E. 64). And now, days later, 1Damentional is moving to set aside the default.

1Damentional thus "acted in a reasonable time to respond and attempt to vacate the entry of default." *Griffin IT Media, Inc. v. Intelligentz Corp.*, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008); *Go Relax Travel,* 2012 WL 13014700, at *2 (vacating default after two-month delay); *Mace Sec. Int'l, Inc. v. Mobile Dynamic Mktg., Inc.*, 2019 WL 6038499, at *3 (M.D. Fla. Oct. 21, 2019) (vacating default after "approximately one month of entry of the default and filing of the motion for default judgment"). The short passage of time satisfies the promptness requirement.

  2. **The Failure of Proper Service Constitutes Good Cause**.

Failure to be properly served with the summons and complaint constitutes good cause justifying the setting aside a clerk's entry of default. *See, e.g.*, *Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) ("[T]he district court properly set aside its entry of default against the [defendant], as the [defendant] was never correctly served [plaintiff's] complaint and thus had good cause not to timely respond to that complaint"); *Infinity Assurance Ins. Co. v. Las Mercedes Pharma., Inc.*, 2018 WL 7825452, at *2 (S.D. Fla. Aug. 17, 2018) (vacating clerk's entry of default

because "failure to be properly served with the complaint constitute[d] good cause for failure to respond to the complaint"); *Jacobsen v. McIIwain*, 145 F.R.D. 595, 601 (S.D. Fla. 1992) ("[Defendant] is not required to respond to the complaint until she has been properly served."). *Accord Varnes v. Local 91, Glass Bottle Blowers Ass'n*, 674 F.2d 1365, 1368 (11th Cir. 1982) (default judgment was void where the amended complaint had not been personally served on the defendant).

Under Federal Rule of Civil Procedure 4(h), a corporation "must be served" in the same manner for serving an individual in Rule 4(e)(1) or by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant."

1Damentional contents that these conditions have not been properly met, as-at the times of the alleged service- the Georgia Secretary of State was not an agent of 1Damentional, as 1Damentional ceased being a Georgia limited liability corporation in 2012. In any event, the purported default is not the byproduct of any culpable nor willful conduct. *See Kelly*, 233 F. Appx at 884 ("Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant."); *Shepard Claims Service v. Williams Darrah & Assoc.*, 796 F.2d 190, 194 (6th Cir. 1986) (for conduct to be culpable and deserving of a default, the defendant's conduct must "display an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings").

### 3.     1Damentional Possesses a Meritorious Defense to Plaintiffs' Claim.

To satisfy the meritorious defense factor, the "movant need only provide a 'hint of a suggestion' that its case has merit." *See Kilpatrick v. Town of Davie*, No. 08-cv-60775, 2008 WL 3851588, at *2 (S.D. Fla. Aug. 15, 2008) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)) (the issue in considering a motion to vacate is whether the defendant's defense are "devoid of merit"). Here, 1Damentional has far more than a "hint of a suggestion," because it has a high likelihood of success on the merits.

As detailed in the Motion to Dismiss, (D.E. 30), which 1Damentional intends to join, Plaintiffs' claims are subject to dismissal. The Motion to Dismiss details the many reasons why Plaintiffs' claims should fail. First, the Complaint does not adequately allege access. (D.E. 30, p. 8-12). Also, even if access was properly alleged, Plaintiffs' claims would still fail because Plaintiffs did not properly allege that any Defendant copied of any ***original expression*** in Plaintiffs' work. (D.E. 30, p.12-19). Taken together, 1Damentional has a meritorious defense to Plaintiffs' claim, as Plaintiffs cannot state a claim for copyright infringement as a matter of law. *See Griffin IT Media, Inc. v. Intelligentz Corp.*, No. 07-cv-80535, 2008 WL 162754, at *3 (S.D. Fla. Jan. 16, 2008) (vacating clerk's default because defendant demonstrated it has a colorable defense).

### 4.     Plaintiffs Will Not be Prejudiced if the Default is Set Aside.

Plaintiffs will suffer no harm or prejudice should the Clerk's default be vacated. "'Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.'" *Griffin IT Media*, 2008 WL 162754, at *3 (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)) (alteration in original).

Plaintiffs cannot demonstrate any prejudice due to setting aside the Clerk's default, as 1Damentional's delay – due to arguably defective service – has not and will not result in any loss of evidence, opportunity for fraud, or discovery difficulties. *See Go Relax Travel*, 2012 WL 13014700, at *2 (finding two-month delay was not prejudicial to plaintiffs and vacating clerk's default). As this Court has previously held, a clerk's default should be set aside when doing so will not prejudice or impede "plaintiff's ability to prosecute the case on the merits." *Tyco Fire & Security v. Alcocer*, 2009 WL 789657, at *3 (S.D. Fla. March 23, 2009). The sole "detriment" to Plaintiffs would be requiring them to prove their case on the merits, which is **not** the type of prejudice that can prevent setting aside a default. *See Federal Deposit Ins. Corp. v. Francisco Investment Corp.*, 873 F.2d 474, 479 (1st Cir. 1989); *Alcocer*, 2009 WL 789657 at *3.

## CONCLUSION

For the foregoing reasons, 1Damentional respectfully requests that the Court set aside the Clerk's Default entered against it on April 29, 2022.

## LOCAL RULE 7.1(A)(3) — GOOD FAITH CONFERRAL

1Damentional's counsel hereby certifies that he has conferred with Plaintiffs' counsel on the issues raised in this motion. Plaintiffs' counsel has graciously agreed to not oppose the relief sought.

Dated: May 6, 2022                    Respectfully submitted,

**PRYOR CASHMAN LLP**

By:    /s/ *James G. Sammataro*

James G. Sammataro
Florida Bar No. 520292
Brendan Everman
Florida Bar No. 68702
Tyler Rauh
Florida Bar No. 1023404
255 Alhambra Circle, 8th Floor

Miami, Florida 33134
Telephone: (786) 582-3007
Facsimile: (786) 582-3004
jsammataro@pryorcashman.com
beverman@pryorcashman.com
trauh@pryorcashman.com
ksuarez@pryorcashman.com

&

Ilene Farkas (admitted *pro hac vice*)
7 Times Square, Suite 4000
New York, New York 10036
Telephone: (212) 326-0181
ifarkas@pryorcashman.com
*Attorneys for 1Damentional Publishing, LLC*