**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-81870-RUIZ**

BRAINDON N. COOPER a/k/a MR COOPER, et al.,

        Plaintiffs,

  v.

CHRIS BROWN ENTERTAINMENT, LLC d/b/a CHRISTOPHER BROWN ENTERTAINMENT, LLC., et al.

        Defendants.

**DEFENDANT MAVOR & MOSES PUBLISHING, LLC'S**
***UNOPPOSED* MOTION TO SET ASIDE CLERK'S DEFAULT**

Pursuant to Federal Rule of Civil Procedure 55(c), defendant Mavor & Moses Publishing, LLC ("M&M") hereby files this unopposed motion to set aside the clerk's default entered against it on April 29, 2022. (ECF No. 63). Counsel for plaintiffs Braindon N. Cooper, Timothy L. Valentine and Signature Seriez Entertainment, Inc. (collectively, "Plaintiffs") do not oppose M&M's motion.

Good cause exists to set aside the default for four reasons. First, M&M was unaware that it allegedly was in default in this action until after the default was entered on April 29, 2022. Second, upon learning that it allegedly was in default, M&M acted promptly in moving to set aside the default by retaining the undersigned counsel, contacting counsel for Plaintiffs, agreeing to a date by which M&M must respond to the Complaint, and obtaining Plaintiffs' consent to and filing the instant motion. Third, Plaintiffs will suffer no prejudice from the default being set aside, as they merely will have to litigate their case on the merits (and indeed, they do not oppose

14209120.1

the default being set aside, in any event). And fourth, M&M has a meritorious defense, as described in the motion to dismiss briefing (which it intends to join once the default is lifted). (ECF No. 30). Accordingly, the Court should set aside the default.

## **MEMORANDUM OF LAW**

I. **Legal Standard**

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951.

These factors are guidelines and not "talismanic." *Id.* Consequently, courts may consider an array of other factors, including "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Id.* (citation omitted); *see also Mace Sec. Int'l, Inc. v. Mobile*

14209120.1

*Dynamic Mktg., Inc.*, 2019 WL 6038499, at *2 (M.D. Fla. Oct. 21, 2019) (identifying promptness in setting aside default as a factor).

## II. M&M Has Satisfied All Required Factors To Set Aside The Default

### A. M&M's Default Was Neither Culpable Nor Willful

A default is considered to be culpable or willful if a party displays either an intentional or reckless disregard for the judicial proceedings. Such is not the case here. While M&M purportedly was served in October, it nonetheless was unaware that it allegedly was in default in this action until after the Clerk's default was entered on April 29, 2022. Thereafter, and as set forth above, M&M quickly retained counsel, and has now filed the instant motion to set aside the default, which Plaintiffs do not oppose. *See Pure Fresh, LLC v. Liaison Can./U.S. Logistics (USA) Corp.*, 2019 WL 1921991, at *2 (S.D. Fla., Apr. 30, 2019) (finding default was not culpable or willful where Canadian principals of US corporation did not timely respond after being served but moved to set aside default within ten days of retaining counsel); *Rodriguez v. Brim's Food, Inc.* 2013 WL 3147348, at *2 (S.D. Fla., Jun. 19, 2013) ("Defendant's prompt actions show there was no willful disregard involved as a reason for their failure to respond."). Accordingly, M&M's default was neither culpable nor willful, thereby satisfying this factor.

### B. M&M Acted Promptly to Set Aside the Default

As set forth above, Plaintiffs moved for and the Clerk entered default against M&M on April 29. Shortly thereafter, M&M learned that it had had a default entered against it and promptly retained the undersigned counsel. M&M's counsel then took immediate action to contact Plaintiffs' counsel, and the parties agreed that once the default is lifted, M&M will have

3

until July 11, 2022, to respond to the Complaint. Immediately following that, M&M filed the instant motion.

M&M thus "acted in a reasonable time to respond and attempt to vacate the entry of default." *Griffin IT Media, Inc. v. Intelligentz Corp.*, 2008 WL 162754, at *2 (S.D. Fla. Jan. 16, 2008); *Go Relax Travel, LLC v. Process America, Inc.*, 2012 WL 13014700, at *2 (S.D. Fla. Jul. 13, 2012) (vacating default after two-month delay); *Mace Sec. Int'l, Inc. v. Mobile Dynamic Mktg., Inc.*, 2019 WL 6038499, at *3 (M.D. Fla. Oct. 21, 2019) (vacating default after "approximately one month of entry of the default and filing of the motion for default judgment").

### C. Plaintiffs Will Suffer No Prejudice From Setting Aside The Default

Plaintiffs will suffer no harm or prejudice should the Clerk's default be set aside. "'Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.'" *Griffin IT Media*, 2008 WL 162754, at *3 (quoting *Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006)) (alteration in original).

Plaintiffs cannot demonstrate any prejudice that would result from setting aside the Clerk's default, as M&M's delay has not and will not result in any loss of evidence, opportunity for fraud, or discovery difficulties. *See Go Relax Travel*, 2012 WL 13014700, at *2 (finding two-month delay was not prejudicial to plaintiffs). Instead, as this Court has previously held, a clerk's default should be set aside when doing so will not prejudice or impede a plaintiff's "ability to prosecute the case on the merits." *Tyco Fire & Security v. Alcocer*, 2009 WL 789657, at *3 (S.D. Fla. Mar. 23, 2009). Here, Plaintiffs merely would be required to prove their case on the merits, which is not the type of prejudice that can prevent setting aside a default. *See Federal*

4

*Deposit Ins. Corp. v. Francisco Investment Corp.*, 873 F.2d 474, 479 (1st Cir. 1989); *Alcocer*, 2009 WL 789657 at *3.  Moreover, Plaintiffs do not oppose the relief sought by this motion, further demonstrating that they will suffer no prejudice if the default is set aside.

### D. M&M Has A Meritorious Defense to the Complaint

In order to satisfy the meritorious defense factor, the "movant need only provide a 'hint of a suggestion' that its case has merit." *See Kilpatrick v. Town of Davie*, 2008 WL 3851588, at *2 (S.D. Fla. Aug. 15, 2008) (quoting *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969)) (the issue in considering a motion to vacate is whether the defendant's defenses are "devoid of merit").  M&M is able to do much more than this.

As detailed in the Motion to Dismiss, (ECF No. 30), which M&M intends to join, Plaintiffs' claims are subject to dismissal.  First, the Complaint does not adequately allege access.  (ECF No. 30, p. 8-12).  But even if access was properly alleged, Plaintiffs' claims still would fail because Plaintiffs did not properly allege that any Defendant copied any original expression in Plaintiffs' work.  (ECF No. 30, p.12-19).  Taken together, this defective pleading of the two required elements of copyright infringement confirms that Plaintiffs cannot state a claim as a matter of law, and so therefore M&M has a meritorious defense to Plaintiffs' claim. *See Griffin IT Media*, 2008 WL 162754, at *3 (vacating clerk's default because defendant demonstrated that it had a colorable defense).[1]

---

[1] While Plaintiffs do not oppose the relief sought herein, Plaintiffs previously opposed these arguments on the merits in their opposition to the pending motion to dismiss. (ECF No. 43).

14209120.1

### III. Conclusion

For the foregoing reasons, M&M respectfully requests that the Court set aside the Clerk's default entered against it on April 29, 2022, and set the agreed-to date of July 11, 2022 as M&M's deadline to respond to Plaintiffs' Complaint.

### CERTIFICATE OF GOOD FAITH CONFERRAL

The undersigned hereby certifies that M&M's counsel have conferred with Plaintiffs' counsel on the issues raised in this motion, and that Plaintiffs' counsel have agreed not to oppose the relief sought.

| | |
|---|---|
| DATED: May 10, 2022 | MITCHELL SILBERBERG & KNUPP LLP<br>*Attorneys for Defendant Mavor & Moses Publishing, LLC*<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA  90067-3120<br>(310) 312-2000<br>(310) 312-3100<br><br>/s/ Mark C. Humphrey<br>Mark C. Humphrey<br>Florida Bar No. 124136<br>mxh@msk.com |