UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-cv-81870-RUIZ

BRAINDON N. COOPER *a/k/a* MR COOPER, et al.,

    Plaintiffs,

 v.

CHRIS BROWN ENTERTAINMENT, LLC *d/b/a*
CHRISTOPHER BROWN ENTERTAINMENT, LLC.,
et al.,

    Defendants.

_____/

**DEFENDANTS' MOTION TO STAY DISCOVERY AND CONTINUE TRIAL AND ALL PRE-TRIAL DEADLINES PENDING DETERMINATION OF MOTION TO DISMISS**

    Defendants Chris Brown, Chris Brown Entertainment, LLC, Culture Beyond Ur Experience Publishing, Sony/ATV Songs LLC (*n/k/a* Sony Music Publishing (US) LLC), Sony Music Entertainment, Songs of Universal, Inc., J-Louis Productions, LLC, Joshua Louis Huizar *p/k/a* J-Louis, Amnija, LLC *d/b/a* Songs of Amnija, Nija Charles *p/k/a* Njia, Anderson Hernandez *p/k/a* Vinylz, Vinylz Music Group, Michee Patrick Lebrun *p/k/a* Che Ecru, Tyler Bryant and 1Damentional Publishing, LLC (collectively, "Moving Defendants") respectfully move this Court for an order staying all discovery and all attendant pre-trial deadlines pending resolution of the Moving Defendants' Motion to Dismiss the Complaint (D.E. 30) ("Motion to Dismiss").

**INTRODUCTION**

    Plaintiffs Braindon N. Cooper *p/k/a* Mr Cooper, Timothy L. Valentine *p/k/a* Drum'n Skillz, and Signature Seriez Entertainment, Inc. (together, "Plaintiffs") filed a lawsuit alleging copyright infringement and related state law claims based on the contention that their song "I Love Your Dress" ("Plaintiff's Song") was infringed by Defendants' *2019* hit song "No Guidance" ("No

Guidance"). (D.E. 1). As set forth in Defendants' Motion to Dismiss, Plaintiffs' claims fail as a matter of law, as Plaintiffs failed to: (i) allege the basic elements of copyright infringement and (ii) plausibly allege that the Moving Defendants accessed Plaintiffs' (obscure) Song in order to be able to copy it in the first instance. (D.E. 30, pp. 2-5, 8-12). This failing is fatal to Plaintiffs' claim. (*Id.*).

Plaintiffs' Complaint further fails to allege substantial similarity between ***protectable*** elements of Plaintiffs' Song and No Guidance. (*Id.*, pp. 12-19). Plaintiffs' copyright claim is centered around the alleged similarity between:

- A generic, commonplace phrase contained in both Plaintiffs' Song ("she got it she got it" and "you got it you got it") and No Guidance ("you got it girl, you got it ayy, you got it girl, you got it (yeah)"), which is neither protectable as a matter of law nor original to Plaintiffs (*Id.*, pp. 13-15).

- An unoriginal theme of a hard-working attractive woman – which, again, is neither original to Plaintiffs nor capable of copyright protection as a matter of blackletter law (*Id.*, p. 16); and

- Unidentified musical elements ("beats," "beat patterns" "rhythmic structure" "metrical placement," etc.) that are unprotectable as a matter of well-established law (*Id.*, pp. 16-19).

In that no one can own or monopolize a non-copyrightable phrase ("you got it"), commonplace musical elements ("beat patterns") or a generic lyrical theme ("a hard-working attractive woman"), Plaintiffs' claim is baseless. Moreover, the Court can hear for itself that Plaintiffs' Song (a slow R & B love ballad about the writer's wife) and No Guidance (a faster, longer, sexually explicit rap and R & B song about a new romantic interest) are vastly different works, with remarkably different concepts and feels, such that no average listener could reasonably conclude that the Moving Defendants copied "what is pleasing to the ears."

The case rises and falls on the works themselves. No amount of discovery (or re-pleading) is going to change the songs or the generic, unprotectable nature of what Plaintiffs allege to be

similar. Discovery is not required to decide the Motion to Dismiss and, if successful, the Motion to Dismiss would dispose of this case in its entirety. Consequently, a brief stay of discovery is warranted as it will eliminate the need for expensive discovery and expert witness reports without causing any attendant prejudice to Plaintiffs – who can pursue the discovery in the event that the Motion to Dismiss is denied. Accordingly, consistent with District and Eleventh Circuit precedent, the Moving Defendants respectfully request an order staying Plaintiffs' recently-propounded discovery,[1] and for a concomitant continuance of all pre-trial deadlines to avoid the unnecessary expenditure of judicial and party resources until the pending Motion to Dismiss is resolved.

## BACKGROUND

On October 5, 2021, Plaintiffs filed their Complaint, alleging copyright infringement, an accounting and unjust enrichment, all based on the allegations that No Guidance infringes Plaintiff's Song. (*See* D.E. 1, ¶¶ 70-124.) On January 1, 2022, the Moving Defendants filed their Motion to Dismiss, which detailed the legal insufficiency of Plaintiffs' claims. (*See* D.E. 30). Plaintiffs filed their opposition memorandum on February 8, 2022, and Defendants filed their reply on March 11, 2022. (*See* D.E. 43, 56). Consequently, the Motion is fully briefed and pending determination by this Court.

On January 13, 2022, the Court issued an Order Setting Jury Trial Schedule, Requiring Mediation, and Referring Certain Matters to Magistrate Judge (D.E. 33) ("Scheduling Order"). Pursuant to the Scheduling Order, the trial is set to commence during the Court's two-week trial calendar beginning on December 5, 2022. The Scheduling Order sets the following pre-trial deadlines: July 12, 2022, exchange of expert witness summaries or reports; July 26, 2022,

---

[1] Plaintiffs propounded their First Set of Interrogatory Requests and First Request for the Production of Documents on May 6, 2022.

exchange of rebuttal expert witness summaries or reports; August 9, 2022, completion of all discovery; August 23, 2022, deadline to file all pre-trial motions, including motions for summary judgment, and *Daubert* motions.  Thus, within a little more than two months, the parties are required to complete their document productions, their review of one another's document productions, fact witness depositions, expert reports and rebuttal reports, and expert depositions. This represents a significant, costly undertaking for both parties, which may be obviated if the Court grants the Moving Defendants' pending dispositive Motion to Dismiss.

## LEGAL STANDARD

A district court has "**broad discretion** to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (emphasis added); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997) ("[D]istrict courts enjoy broad discretion in deciding how best to manage the cases before them.").  This broad discretion extends to a court's ability to stay discovery pending decision on a dispositive motion. *See Leace v. Gen. Motors LLC*, No. 21-CV-60721-RAR, 2021 WL 2827759, at *1 (S.D. Fla. July 8, 2021) (Ruiz, J.) (discussing court's discretion to stay discovery and granting stay pending determination of defendants' motion to dismiss).  Indeed, the Eleventh Circuit has recognized the salutary benefits of resolving motions to dismiss before discovery commences:

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided … Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scare judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1368.

A motion to stay discovery is warranted where the movant shows that "good cause and

reasonableness" support the stay. *Tradex Glob. Master Fund SPC Ltd. v. Palm Beach Mgmt., LLC*, Case No. 09-21622-CIV-MORENO, 2009 WL 10664410, at *1 (S.D. Fla. Nov. 24, 2009) (quoting *Bocciolen v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008)). "Good cause" to stay discovery "exists wherein resolution of a preliminary motion may dispose of an entire action," as is the case here. *Id.* (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)).

Courts also take a "preliminary peek" at the merits of the dismissal motion in order to "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Courts further consider whether the dispositive motion challenges the legal sufficiency of the complaint, which weighs in favor of granting a stay of discovery. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should, however, be resolved before discovery begins."); *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 655 (11th Cir. 2012) ("Because a facial challenge to the legal sufficiency of a claim raises only questions of law, neither the parties nor the court have any need for discovery before the court rules on the motion.").

Courts in this District and the Eleventh Circuit routinely grant stays of discovery where, as here, the dispositive motion challenges the legal sufficiency of the motion and its resolution would obviate the need for discovery and avoid the unnecessary expenditure of judicial and party resources. *See, e.g.*, *Moore v. Peter*, 141 F. App'x 803, 807 (11th Cir. 2005) (affirming district court's order staying discovery until resolution of motion to dismiss); *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (affirming stay of discovery pending determination of motions for

judgment on pleadings because they involved "a purely legal question" such that "there was no need for discovery before the district court ruled on those motions"); *Taylor v. Serv. Corp. Int'l*, No. 20-CIV-60709-RAR, 2020 WL 6118779, at *3-4 (S.D. Fla. Oct. 16, 2020) (Ruiz, J.) (granting stay of discovery pending motion to dismiss for failure to state a claim and lack of standing); *DM Recs., Inc. v. Selph Recs., Inc.,* No. 12-21363-CIV, D.E. 14 (S.D. Fla. Aug. 7, 2012) (granting motion to stay discovery pending determination of early case dispositive motion for summary judgment in copyright infringement action).

## ARGUMENT

A. **A Stay of Discovery Is Warranted**.

    1. **A Stay Is Warranted Because the Motion to Dismiss Would Dispose of the Action**.

A stay is warranted because the Motion to Dismiss presents "gating" legal issues that will dispose of the action in its entirety. The Motion to Dismiss seeks dismissal of all six of Plaintiff's claims, on legal grounds that cannot be cured with an amendment. *See Leace*, 2021 WL 2827759, at *1 ("good cause to stay discovery exists wherein resolution of a preliminary motion may dispose of an entire action") (quoting *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003)). *See also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should, however, be resolved before discovery beings."); *Borislow*, 2014 WL 12580035, at *1 (citing *Chudasama* and granting stay pending motion to dismiss for failure to state claim).

Here, because the Motion to Dismiss "presents a purely legal question," no discovery is needed to resolve the claims, and "if the motion is granted, discovery would be futile." *See Torongo v. Robert G. Roy, D.V.M., M.S., P.A.*, No. 15-81490, 2016 WL 10706286, at *1 (S.D. Fla.

Jan. 28, 2016).

2. **A "Preliminary Peek" at the Motion to Dismiss Demonstrates a Stay Is Warranted**.

A "preliminary peek" at the Motion to Dismiss underscores the need for a stay. *See Leace*, 2021 WL 2827759, at *2 (granting stay where "preliminary peek" at motion to dismiss revealed defendant raised "multiple arguments that, if adopted by the Court, would dispose of the entire action"). The Motion to Dismiss is meritorious. As an initial matter, the Court can hear for itself that these are entirely different songs, such that dismissal is warranted at the pleading stage. *See Christianson v. W. Pub. Co.*, 149 F.2d 202, 203 (9th Cir. 1945) ("[W]hen the copyrighted work and alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."); *Lane v. Knowles-Carter*, 2015 WL 6395940, at *1, n.2 (S.D.N.Y. Oct. 21, 2015 (dismissing case after comparing parties' songs); *McDonald v. West*, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015) (same). Indeed, in music cases, **"[c]ourts ... regularly ... listen to the songs at issue when evaluating a motion to dismiss**." *McDonald v. West*, 138 F. Supp. 3d 448, 453 (S.D.N.Y. 2015) (emphasis added); *see also Lane*, 2015 WL 6395940, at *6 (dismissing case after comparing two songs). A mere listen of the two works should result in dismissal.

Additionally, Plaintiffs have failed to sufficiently allege that Defendants had access to Plaintiffs' obscure Song or that substantial similarity exists between Plaintiffs' Song and No Guidance. To sufficiently allege access, Plaintiffs must plead either that there was widespread dissemination of their Song or that it is plausible a third-party intermediary conveyed the Song to Defendants prior to the creation of No Guidance. (*See* D.E. 30, pp. 8-9). Plaintiffs utterly fail to plausibly allege either. Instead, the most that the Plaintiffs can muster is that their Song was available for "a few months" on the Internet and that Cooper performed the song publicly one time

at an unidentified location and an unidentified date in Miami. (*Id.*, pp. 9-10; D.E. 56, 3-4).  As a matter of law, posting a song on the Internet (where it is one out of, for instance, 82 million songs on Spotify) and a one-time public performance, somewhere, do not constitute widespread public dissemination as a matter of law. (*See* D.E. 30, pp. 8-9; D.E. 56, pp. 3-4).

Further, there are no plausible allegations that Plaintiffs' Song was conveyed to Defendants. Plaintiffs speculate that they shared the Song with one person in the music industry (a representative of a ***competing*** record label who is not alleged to have had anything do to with the creation of No Guidance), who suggested that Cooper take a trip to Toronto – the hometown of one of the co-defendants, along with approximately 3 million other people. (*See* D.E. 30, pp. 10-12; D.E. pp. 4-5). Plaintiffs' flimsy allegations of access manifestly fail to meet the *Twombly* standard. (*Id.*).

A peek at Defendants' Motion to Dismiss further confirms that Plaintiffs have failed to allege substantial similarity.  Plaintiffs conceded (as they had to) that a number of the alleged similarities cannot form the basis of their infringement claim. Plaintiffs own no rights in the common lyrical phrases "she got it" or "you got it." (*See* D.E. 56, p. 2).  Nor do they own any rights to commonplace, unoriginal musical elements or the lyrical theme of an attractive woman working hard. (*Id.*).  Attempting to salvage their failed copyright infringement claim, Plaintiffs now claim that Defendants copied an original "combination" of unprotectable elements – but they fail to identify any supposed original selection and arrangement of those unprotectable elements with specificity. (*Compare* D.E. 43, p. 16-18).  Plaintiffs offer only legal conclusions, not facts, and, thus, failed to satisfy the *Twombly* pleading standard. (*See* D.E. 56, pp. 7-9).

Plaintiffs' state law claims likewise fail.  Common law copyright infringement and unjust enrichment are preempted by the Copyright Act, and accounting is a remedy, not an independent

cause of action. (*See* D.E. 30, pp. 19-20; D.E. 56, pp. 9-10).

Accordingly, the Motion to Dismiss is likely to succeed, and eliminate the time and expense associated with both discovery and expert witness reports.

   3.   **The Burden on Moving Defendants of Engaging in (Potentially) Unnecessary Discovery is Significant, While There is No Prejudice to Plaintiffs in Delaying Discovery until the Motion to Dismiss is Decided**.

The burden on the Moving Defendants of engaging in discovery and other pre-trial efforts that may prove to be completely unnecessary far outweighs any prejudice to Plaintiffs caused by postponing discovery. The Eleventh Circuit has recognized the substantial costs imposed upon litigants in the discovery process:

> These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the cost of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and the delay discovery imposes on reaching the merits of the case.

*Chudasama*, 123 F.3d at 1367.

As noted above, given the rapidly approaching deadlines for expert discovery and the close of all discovery, all of the parties will be compelled to spend significant resources in the near-term towards completing their document productions, reviewing one another's document productions, preparing expert reports, deposing both fact witnesses and expert witnesses, and tending to third-party discovery. These endeavors will be time-consuming, costly, and disruptive to the parties' businesses. Further, scarce judicial resources may be diverted from other cases as well, in order to manage potential discovery disputes and otherwise manage pre-trial submissions. *Id*. (noting "discovery imposes burdens on the judicial system" as "scarce judicial resources must be diverted from other cases to resolve discovery disputes").

Conversely, Plaintiffs will not be prejudiced by a delay in discovery, as no discovery could affect the resolution of the Motion to Dismiss. Moreover, should the Court deny the motion, Plaintiffs will be able to seek any discovery to which they may be entitled. *See Leace*, 2021 WL 2827759, at *2 (granting stay, and noting it avoided imposing significant costs on defendant but would not prejudice the plaintiff, as the plaintiff would have "ample opportunity to conduct discovery" if the case were to proceed).

Having waited almost three (3) years to bring this action, Plaintiffs cannot reasonably complain that they will be harmed by waiting a few additional months.

**B.    The Court Should Continue the Trial and All Pre-Trial Deadlines to Avoid Any Prejudice to the Parties.**

Because a stay may impact the parties' ability to prepare for trial and to comply with the pre-trial deadlines contained in the Scheduling Order, the Moving Defendants respectfully request a short continuance of those deadlines as well.

Under Local Rule 7.6, a court may grant a continuance of trial upon a showing of "good cause." Here, because a discovery stay is warranted pending resolution of the Motion to Dismiss, and a pause in discovery will likely result in insufficient time for the parties to meet the remaining deadlines set forth in the Scheduling Order, good cause exists to grant a continuance of those dates. (*See* Declaration of James Sammataro "Sammataro Dec.," ¶ 13, a copy of which is attached hereto as **Exhibit 1**). *See generally*, *Chudasama*, 123 F.3d at 1367; *Leace*, 2021 WL 2827759, at *2 Additionally, Defendants' request for a continuance is timely because it is filed over six months prior to the scheduled trial date. *See* L.R. 7.6 (requiring written notice of a continuance to be filed "at the earliest practical date prior to trial"). (*See* Sammataro Dec., ¶ 14). Thus, if and when the stay is lifted, the parties and the Court will have sufficient time to properly plan for the new trial date.

Accordingly, if this Court stays discovery, the Moving Defendants respectfully submit that it should also continue the trial and all pre-trial deadlines.

## CONCLUSION

Given (i) the strength of Moving Defendants' Motion to Dismiss (as revealed by even a "peek" at the motion), (ii) the significant possibility that the dismissal motion will dispose of the entire action, and (iii) the fact that the expense and inconvenience of continuing to participate in discovery outweighs any prejudice that would result from a stay of discovery, the Moving Defendants respectfully request that the Court grant this motion and enter an order staying discovery until the Motion to Dismiss is resolved, as well as concomitant extension of the pre-trial and trial dates set forth in the Scheduling Order.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), counsel for Defendants met and conferred with Plaintiffs' counsel in a good faith effort to resolve the issues presented in this motion. Plaintiffs oppose the requested relief and are not agreeable to staying discovery pending the resolution of the Motion to Dismiss.

Dated:  June 2, 2022

Respectfully submitted,

**PRYOR CASHMAN LLP**

By: /s/ *James G. Sammataro*
James G. Sammataro
Florida Bar No. 520292
Brendan Everman
Florida Bar No. 68702
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
Telephone: (786) 582-3007
Facsimile: (786) 582-3004
jsammataro@pryorcashman.com
beverman@pryorcashman.com
ksuarez@pryorcashman.com

&

Ilene Farkas (admitted *pro hac vice*)
7 Times Square, Suite 4000
New York, New York 10036
Telephone: (212) 326-0181
ifarkas@pryorcashman.com
*Attorneys for Moving Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 2, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send Notices of Electronic Filing to all counsel of record.

*s/ James G. Sammataro*
James G. Sammataro